## SCRUGGS *vs.* BIBB.

[ACTION ON PROMISSORY NOTE BY PAYEE AGAINST MAKER.]

1. *Whole conversation admissible evidence, when part has been proved.*—Plaintiff having proved, that when his agent called on defendant, and mentioned to him the subject of the plaintiff's claim, defendant said, that he would start in a few days to the place of plaintiff's residence, and would there see him about it,—it is competent for the defendant to show that, in the same conversation, he said he had a receipt against the claim.

Scruggs v. Bibb.

2. *Admissibility of evidence for single purpose only.*—When the court has admitted evidence which is competent for but one purpose, the opposite party, instead of moving its exclusion, should ask the court to limit its effect by appropriate instructions to the jury.

3. *Notice of award.*—When the time for the rendition of an award is enlarged at the request of one of the parties, who is personally present, in order that he may have an opportunity to produce a paper ; and the award is not rendered until after the expiration of the enlarged time,—the party is not entitled to notice of its rendition, unless it was expressly stipulated that he should have such notice.

4. *Effect of receipt as evidence.*—A receipt in full of all claims due up to its date is presumptive evidence of the payment of a demand then past maturity, and throws on the creditor the burden of proving that such demand was not in fact included in it.

APPEAL from the Circuit Court of Madison.
Tried before the Hon. WILLIAM M. BROOKS.

THIS action was brought by John W. Scruggs, against William D. Bibb, and was commenced by attachment. The cause of action was a promissory note for $182 36, dated January 1, 1845, and payable on the 1st July next after date, which was alleged to be lost; and all the common money counts, with a count on an award, were added in the complaint. The defendant pleaded the general issue, with leave to give any special matter in evidence ; and the cause was submitted to a jury on issue joined thereon.

On the trial, as appears from the bill of exceptions, the plaintiff read in evidence the deposition of W. L. Patton, (with the exception hereafter referred to,) which was taken in Jackson, Mississippi, the place of the defendant's residence. This witness testified, in substance, that the note in suit, enclosed in a package with some other papers relating to the same matter, was handed to him by the plaintiff, in Huntsville, Alabama, in the summer of 1853, with the request that he would show them to the defendant on his return to Mississippi; that he mentioned the matter to the defendant on his return home, but did not show him the papers ; that the defendant said, in reply, that he intended to start to Huntsville in a few days, and would there see the plaintiff about it ; that the papers were afterwards deposited by witness in a fire-proof safe

in a counting-house in Jackson, and could never after-
wards be found.  The third cross interrogatory propound-
ed to this witness, called on him to state what the defend-
ant said, when the claim was mentioned to him; to which
the witness answered : " *Mr. Bibb said, that he had a receipt
against the claim*, and that he was going to Huntsville, and
would there settle the matter." In reading the deposi-
tion in evidence, the plaintiff moved the court to exclude
from the jury that portion of the above answer which is
italicized, on the ground that it was illegal and irrelevant.
The court overruled the motion, on the ground that it
came too late; and the plaintiff excepted.

Among the papers, the loss of which was proved by the
witness Patton, was an award rendered by William H.
Powers and James J. McClelland, as arbitrators, under a
submission by the parties to this suit of the claim now in
controversy.  Powers, one of the arbitrators, was intro-
duced as a witness by the plaintiff, and testified, that the
submission to them was made in the early part of the year
1853; that both the parties were present when the arbi-
trators first met,—the plaintiff contending that the claim
was unpaid, and the defendant insisting that it had been
paid ; " that the defendant said, the note was embraced in
a settlement which he and the plaintiff had made, which
settlement and receipt he had at his house in Mississippi,
and requested that the award should not be made for a
specified time, (which was several months,) within which,
he said, he could get the receipt, and send it to the arbi-
trators; that the arbitration was accordingly adjourned,
without specifying any day to meet again; that they
waited out the time specified, but no receipt was sent;
that they then met, and made an award in writing, which
was signed by both the arbitrators, and was delivered by
them to the plaintiff; that the award was, in substance,
that the defendant should pay the plaintiff the amount of
the note with interest; and that no notice was given by
them of said meeting, or of said award, except its delivery
to plaintiff."

The defendant offered in evidence a receipt signed by
the plaintiff, dated August 20, 1848, which was in these

words : "Received of W. D. Bibb payment in full of all claims against him which are due up to this date." This receipt, except the signature, was proved to be in the defendant's handwriting, "was written on a piece of account paper, and had the appearance of having been written at the bottom and cut off above in the original."

The court charged the jury, 1st, "that the award was void according to the evidence, and the plaintiff could not recover thereon ; " 2d, "that the receipt offered by the defendant was presumptive evidence that the note had been paid." The plaintiff excepted to each of these charges, and requested the court to instruct the jury, "that they might look to all the evidence in the cause, to see if said note was embraced in the settlement on which said receipt was given." The court "did not give this charge as asked, but again instructed the jury, that the receipt was presumptive evidence of the payment of the note, and that the plaintiff could not recover on the note unless he had introduced evidence which satisfactorily rebutted that presumption ; " and to these rulings of the court the plaintiff excepted.

The rulings of the court on the evidence, and in the instructions to the jury, are now assigned as error.

ROBINSON & JONES, for the appellant.

No counsel appeared for the appellee.

WALKER, J.—The plaintiff proved by his witness, Patton, that he called upon the defendant in Mississippi, and mentioned the subject of the plaintiff's claim, which he had in his possession ; and that the defendant said, he intended to start to Huntsville in a few days, and would there see the plaintiff. After the introduction of that proof, it was permissible for the defendant to show, that he said, at the same time, he had a receipt against the claim, and was going to Huntsville and would settle the matter there. This last evidence was a part of the same conversation, in which the declaration proved by the plaintiff was made, and was explanatory of that declaration ; and it was, therefore, admissible.—Bradford v.

Bush, 10 Ala. 386; Wilson v. Calvert, 8 Ala. 757; Rogers v. Wilson, Minor, 407.

[2.] If the evidence was inadmissible *for* the purpose of establishing a receipt, it was necessary for the plaintiff to have moved the court to limit, by appropriate instructions to the jury, the purposes for which the evidence could be legitimately considered; otherwise, the court cannot be convicted of error.—Cook & Scott v. Parham, 24 Ala. 21.

[3.] We suppose the court charged the jury, that upon the evidence the award in proof was void, because the defendant had no notice of its rendition. In that charge the court erred. The parties were both present when the arbitrators were sitting upon the case, and the time for the rendition of the award was enlarged at the defendant's request; and the award was not rendered, until after the expiration of that time. The defendant was not therefore entitled to notice of the making of the award, unless it had been stipulated or provided that he should have such notice.—2 Phillips on Evidence, 81; Mobile Bay Road v. Yeind, 29 Ala. 325; Stein v. Burden, 30 Ala. 270.

[4.] A receipt, dated after the demand sued upon became due, in full of all claims due up to its date, was certainly presumptive evidence of the payment of the demand; and the court did not err in so instructing the jury. The direction to the jury, that it was presumptive evidence of the payment of the note, did not involve the assertion that it was conclusive evidence of such payment, or deny to the evidence controverting the presumption its due weight. If the plaintiff regarded the charge as ambiguous, and tending to mislead the jury, it was his province to protect himself by asking an explanatory charge.—Partridge v. Forsyth, 29 Ala. 200.

The plaintiff asked the charge, that the jury might look to all the evidence in the cause, to see if the note in suit was embraced in the settlement, on which the receipt above named was given." This charge should have been given. Whether the note was embraced in the settlement, upon which the receipt was given, was a material

inquiry; and it was proper for the jury to determine that question in the light of the entire evidence.

The receipt adduced being *prima-facie* evidence of the payment of the note, the *onus* was upon the plaintiff to overcome that *prima-facie* defense; and in determining whether that *prima-facie* case was overcome by satisfactory evidence, it was the duty of the jury to scan the entire evidence. The last charge given by the court was consistent with the principle thus stated, and the court committed no error in giving it.

The judgment of the court below is reversed, and the cause remanded.