# DILLARD vs. SCRUGGS.

[ACTION ON OPEN ACCOUNT FOR SERVICES RENDERED IN SALE OF SLAVES.]

1. *Admissibility of declarations qualifying and explaining receipt of money.*—The declarations of a party, made at the time of receiving money, are admissible evidence for him, for the purpose of showing that he did not receive the money as a payment in full of all demands.

2. *What constitutes partnership.*—The fact that a negro-trader, in whose sales-house slaves are exhibited for sale and sold by the owner, charges half-commissions for the use of his house, does not constitute him a partner with the owner in the sale.

3. *Construction of statute prohibiting sale of slaves by unlicensed negro-trader.*—The statute prohibiting a sale of slaves by an unlicensed negro-trader, and declaring such sale void, (Code, §§ 397, 399, 400,) does not prevent a negro-trader, in whose sales-house slaves are exhibited for sale and sold by the owner, from recovering by action the half-commissions to which, by the custom of the trade, he is entitled in such case.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. C. W. RAPIER.

THIS action was brought by Frederick Scruggs, against Gaston Dillard, to recover the sum of $300, alleged to be "due from defendant to plaintiff, by account, for services rendered by plaintiff to defendant, and at his request, in and about the sale of certain slaves." The defendant pleaded, in short by consent, the general issue, set-off, and payment. "On the trial," as the bill of exceptions states, "the plaintiff introduced one Magee as a witness, who testified, that plaintiff was a negro-trader in 1856, and had a house and yard in the city of Mobile where negroes were exhibited for sale; that the defendant had several slaves for sale at said house, which were exhibited in the same way that plaintiff's slaves were; that he (witness) saw them all together, and purchased from defendant his said negroes, at the said house, and paid him eight or ten thousand dollars for them. Said witness stated, on cross-

examination, that defendant came to him, some time in 1856, to hire or sell some negroes who were then in the country, and whom he was about to bring to Mobile; that he was afterwards informed that the negroes were at plaintiff's sales-house, and went there to see them,—once with defendant, and twice alone; that on one of these occasions, (he did not remember, but thought it was one of the latter,) some questions being asked about the defendant's negroes, plaintiff said, 'Have nothing to do with those negroes, but take two I would like to sell you'; and that these were the negroes afterwards purchased by him from defendant, and for which he paid eight or ten thousand dollars, as testified by him on his examination in chief. The plaintiff then introduced one Faulkner as a witness, who testified, that the defendant gave him a certain sum of money, after the sale of said negroes to Magee, and requested him to pay it for him to plaintiff, and to take a receipt for the same; and that plaintiff at first refused to take the money. The witness was then asked, what plaintiff said at the time was the reason why he refused to take the money. This question being objected to, the court asked plaintiff's counsel the object of the question, and was answered—first, that witness was defendant's special agent, and what was said to him while acting as such agent was admissible; that a receipt had been given to said agent, for the board of said negroes; and that he expected to show by said witness that, at the time plaintiff received said money from said agent, he told said agent that he was also entitled to commissions on the amount received by defendant for said negroes, independent of their board. The court ruled, that plaintiff's declarations, at the time of receiving the money, were admissible, to show whether he received it in full payment, or only as a partial payment; and that for this purpose, and to this extent, said declarations might be given in evidence; to which ruling the defendant excepted. The witness then stated, that plaintiff said, at the time of receiving said money, that it only paid the board of the negroes, and that he was also entitled to commissions, independent of their board; and to the admission of this evidence

the defendant also excepted. On cross-examination, said witness was shown a receipt for $200, in full of the board of said negroes; which, he admitted, was the receipt taken by him at the time said money was paid. The plaintiff then offered evidence tending to show, that it was a custom of the trade among negro-traders in Mobile, if the owner effected a sale after they had been put at a saleshouse, and while they were there, to charge and receive half-commissions on the amount for which they were sold, unless there was a special agreement to the contrary." The defendant then introduced as a witness the clerk of the probate court of Mobile county, who testified, that since he had been in the office of the probate judge, (since 1853,) the plaintiff had never taken out a license for the sale of slaves; and asked the court to charge the jury, "that if the plaintiff was a negro-trader at the time of the sale of the slaves to Magee, and had not taken out a license pursuant to section 397 of the Code, he could not recover commissions for any part he had taken in the sale." The court refused this charge, and the defendant excepted.

The rulings of the court to which exceptions were reserved, are now assigned as error.

R. B. ARMISTEAD, for appellant.
ANDERSON & BOYLES, contra.

STONE, J.—We think there is no error in this record, available to the appellant. The fact that Scruggs received from Dillard's agent $200 for board of the slaves, and receipted for the same, would probably, if unexplained, have furnished a circumstance which the jury would regard in determining whether or not such payment was in full. Qualified as the ruling of the court in this case was, the declaration of the plaintiff, made at the time he received the money, was very proper, to repel the inference that he regarded the payment as in full of all demands. Scruggs v. Bibb, 33 Ala. 481.

[2.] The charge asked and refused, misapprehends the nature of Mr. Scruggs' connection with the sale of the slaves in this case. The half-commissions which he

charged, if a term of the contract, as found by the jury, would not, *per se*, constitute him a copartner with Mr. Dillard. It was, at most, a rate or scale for determining the compensation due to Mr. Scruggs, for the use and privilege of his sales-house.—Smith v. Garth, 32 Ala. 368.

[3.] There is no proof in this record that Mr. Scruggs, in this transaction, acted as a negro-trader, broker, or agent for the sale of slaves.—Books v. Pollard, at the present term.

Judgment affirmed.