## Eufaula National Bank v. Passmore.

*Petition in Chancery Suit by Attaching Creditor to be allowed Attorney's Fees.*

1. *Creditor's written receipt; burden of proof as to payment.*—When a receipt in writing is given by a creditor to his debtor, fairly importing that it is in full satisfaction of his claim, it becomes *prima facie* evidence of the payment of the debt, and the burden of proof is upon the creditor to show that the indebtedness was not, in fact, fully paid.

2. *Acceptance of part, in satisfaction of debt.*—Under the statute, (Code, § 2774), where a creditor accepts a sum much less than the debt really due, and gives a receipt in writing intended as a full discharge of the debt, in the absence of a mistake or concealment of material facts, or of misrepresentation, the receipt must have effect according to the intention of the parties

APPEAL from the Chancery Court of Barbour.
Heard before the Hon. JERE N. WILLIAMS.

The Eufaula National Bank sued out an attachment against Brooks Bros., a mercantile partnership, and the same was levied on their stock of goods. Subsequently, on March 12, J. Pollock & Co., who were beneficiaries under a deed of assignment executed by Brooks Bros. after the levy of the attachment, filed a bill in the chancery court, and prayed to have an injunction against the sale of the stock of goods under the attachment, and for the appointment of a receiver. The bill admitted the validity of the claim of the Eufaula National Bank, and also the priority of the lien created by the levy of the attachment; and it was accordingly provided in the decree appointing a receiver, that the lien of the Eufaula National Bank should be protected and enforced, and that it, the bank, could proceed to judgment in the circuit court just as if no injunction had been granted.

On April 20, 1892, after the sale of the goods by the re-

ceiver, he paid the Eufaula National bank the amount of their claim as set out in the affidavit for attachment, and also other costs. Upon this payment by the receiver, who was also the sheriff who levied the attachment, the Eufaula National Bank gave him the following receipt: "$7,543.47. April 20th, 1892. Received of M. L. Passmore, Sheriff &c., seventy-five hundred and forty-three and 47-100 dollars, being the amount of claim of Eufaula National Bank in matter of suit vs. Brooks Bros., and also forty-one and 90-100 dollars, costs advanced by said bank, and thirty-five and 31-100 dollars, insurance on stock of said Brooks Bros.

[Signed]      EUFAULA NATIONAL BANK,
                   by S. H. Dent, President."

Afterwards, at the June term, 1892, the Eufaula National Bank obtained a judgment in its attachment suit against Brooks Bros. for the sum of $7,466.26, the principal, and $746.62 attorney's fees, which were provided for in the note upon which said attachment suit was founded, and also for the costs of the suit. Thereupon the bank filed its petition in the chancery cause then pending against Brooks Bros., asking the chancellor to direct the receiver to pay over to the petitioner the difference between the judgment recovered in the attachment suit and the amount which had already been paid by the receiver and received by the petitioner, as shown by its receipt.

For answer to this petition it was alleged that the receipt which had been given by the Eufaula National Bank was a receipt in full for the claim of said bank against Brooks Bros.; and that it was on this theory and belief that the receiver had paid the claim of the bank as evidenced by the receipt given to him.

Upon the submission of the petition the chancellor refused to grant the relief prayed for as to the payment of the difference to the petitioner, but ordered that the receiver pay the costs of the circuit court. This decree is now appealed from, and the same is assigned as error.

S. H. DENT, JR., for appellant.—The agreement to accept less than the amount of a debt is without consideration and void at common law.—*Brassell v. Williams*, 51 Ala. 349. Under the statute, (sections 2774-5), receipts operate according to the intention of the parties.

*Smith v. Gayle,* 58 Ala. 600 ; *Cowan v. Sapp,* 74 Ala. 44. The receiver having pleaded accord and satisfaction the burden is upon him, this being a special defense.

A judgment rendered for an amount greater than the amount claimed in the affidavit is a valid judgment.— *Hutchinson v. Powell,* 92 Ala. 619, 9 So. Rep. 170; *Decatur, Ches. & N. O. Rwy. Co. v. Crass,* 97 Ala. 519, 12 So. Rep. 41.

A. H. MERRILL, *contra.*

STONE, C. J.—Ordinarily the burden of proving payment is on the party pleading it. But when a receipt in writing is given by the creditor, fairly importing that it is in full satisfaction, it becomes *prima facie* evidence, at least, against him, and though open to explanation or contradiction, the *onus* of proof rests on him. The receipt given by the appellant expresses that the sum received was the ''amount of claim of Eufaula National Bank in matter of suit v. Brooks Bros.'' and certain costs the appellant had advanced.

The contention now is, that Brooks Bros. were, by a stipulation in the notes constituting the claim, bound to pay the attorney's fees for collection, and that the sum paid did not embrace these fees. If the notes contained such stipulation, and the bank was entitled to demand payment of the fees, the facts were of necessity as well known to the bank, when it accepted payment of a sum not including them, and gave the receipt for the amount of its claim, as when it subsequently demanded payment of them. It was a rule of the common law, that an express promise of a creditor, if a release was not given, or the evidence of the debt was not surrendered, to accept in payment a less sum than was really owing him, would not operate as a payment, or as an accord and satisfaction. But the Code declares that ''all receipts, releases and discharges in writing, whether of a debt of record, or a contract under seal, or otherwise, must have effect according to the intention of the parties thereto.'' Code, § 2774. The uniform construction of this statute has been, that though the sum paid may be much less than the debt really due, if a receipt in writing is given intended as a full discharge of the debt, in the absence of evidence of a mistake of material facts, or of conceal-

ment of such facts, or of misrepresentation, the receipt must have operation according to the intention of the parties.—*Carroll v. Corbitt*, 57 Ala. 579 ; *Smith v. Gayle,* 58 Ala. 600 ; *Cowan v. Sapp*, 74 Ala. 44. In *McArthur v. Dane*, 61 Ala. 542, referring to the statute, the court said : "We concur in opinion with the circuit judge that when this receipt was given, McArthur did not know, and was not informed by any one, that he was entitled to five per cent a month on the amount of money held by Dane, the sheriff. If he had been so informed, and had then received a less sum in full payment of the amount due, such a receipt and discharge would under our statute have operated a full payment and acquittance of the judgment." The bank had full knowledge of all the facts ; all that can be said is that it was unmindful, or indifferent as to the fact, that it was entitled to claim payment of the attorney's fees, a fact which was unknown to the receiver by whom the payment was made. That the receipt was intended as a full discharge of the claim of the bank, was so intended by the bank, and so accepted by the receiver, is a fact which is undisputed, and it "must have effect according to the intention of the parties."

This conclusion renders it unnecessary to consider other questions which have been raised in argument. The decree of the chancellor is affirmed.