# Stegall v. Wright.

*Action on Contract.*

1. *Receipt; evidence to explain.*—The statute, (Code Sec. 1805) does not in any way change the probative force of a receipt. It simply declares that it must have effect according to the

intention of the parties. In ascertaining what the intention of the parties was, the rules of evidence are the same as they were before the statute.

2. *Same; same.*—A receipt in full is only presumptive evidence of the payment of a demand, and simply places on the creditor the burden of proving that such demand was not in fact included in it. The receipt is open to explanation or contradiction by parol evidence.

APPEAL from Circuit Court of Jackson.

Tried before Hon. J. A. BILBRO.

This action was brought by appellee, Joseph W. Wright, against appellant, G. W. Stegall. From a judgment for the plaintiff, the defendant took this appeal. The facts are sufficiently shown in the opinion.

MARTIN & BOULDIN, for appellant, cited:—Code of Alabama, Sec. 1805-1806; *Eufaula Bank v. Passmore*, 102 Ala. 370; *Smith v. Gayle*, 58 Ala. 600; *McArthur v. Dane*, 61 Ala. 539; *Cleere v. Cleere*, 82 Ala. 581; *Hart v. Freeman*, 42 Ala. 567; *Tanner v. Merrill*, 51 L. R. A. 171; *Fuller v. Kemp*, 20 L. R. A. 785; *Fuller v. Crittenden*, 23 Am. Dec. 364; *Elting v. Sturdevant*, 41 Conn. 176; *Randall v. Reynolds*, 52 N. Y. Sup. Ct. 145; *Kerlogg v. Richard*, 14 Wend. 116; 19 A. & E. Enc. Law (1st ed), 1224, 1122; 20 Ib. 740.

J. E. BROWN, for appellee, cited:—*Eufaula Bank v. Passmore; Smith v. Gayle; McArthur v. Dane; Cleere v. Cleere*, and *Hart v. Freeman*, all *supra;* and *Hodges v. Tenn. Implement Co.*, 123 Ala. 572; I Greenleaf on Ev. (13 ed.), page 363, Sec. 305.

SIMPSON, J.—The contract between the parties was that Wright (the plaintiff and appellee) was to haul and deliver the timber from a certain tract of land to Stegall (the defendant and appellant), for which said defendant was to pay $8.50 per thousand feet, as delivered, with the further agreement that if said plaintiff should not realize the sum of $4220.00 at said rate of $8.50 per thousand feet, then defendant was to pay the additional amount of fifty cents per thousand feet.

The plaintiff, while on the stand as a witness and under cross-examination, was shown two receipts, which he acknowledged he had signed, as follows:

"Sept. 9, 1901."

"Received of J. W. Stegall ninety-eight and 94-100 dollars in full for all logs contracted or sold to date."
"(Signed)   Joe Wright."

"$42.40."                              "Sept. 17th, 1901."

"Received of G. W. Stegall forty-two and 40-100 dollars, in full of all logs sold, contracted or delivered."
"(Signed)   Joe Wright."

Said witness had also testified that the amounts received by him had amounted to only $3935.96.

In rebuttal plaintiff's counsel asked him this question; "State whether or not this claim for fifty cents per thousand feet under the contract, was embraced in the settlement when the receipt of Sept. 9th was given."

This question was objected to by the defendant, on the ground that parol testimony could not be introduced to contradict or vary the terms of the receipts, except for the purpose of proving mistake, fraud or misrepresentation.   The court overruled this objection, and the first assignment of error is in regard to this ruling.

The statute § 1805 of the Code of 1896, provides that "All receipts, releases and discharges in writing, whether of a debt of record or a contract under seal, or otherwise, must have effect according to the intention of the parties thereto," and the next section provides that "All settlements in writing, made in good faith for the composition of debts, must be taken in evidence, and held to operate according to the intention of the parties," etc.

The paper in evidence is not a composition of the indebtedness, having none of the elements of that contract, consequently, only § 1805 (and not § 1806) can apply to it.

The statute does not in any way change the probative force of a receipt.   It simply declares that it must have effect, according to the intention of the parties.   In ascertaining what the intention of the parties was, the

rules of evidence are the same as they were before the statute.

It is true that a paper may contain a receipt, and also go on to show an agreement to settle and compromise a claim, describing the claim, and setting out the agreement in such definite terms as to constitute a contract, which cannot be varied by parol proof. But the paper in question is not such a contract. It is simply what is known as a "Receipt in full," and, in fact, looking to the contract and the wording of the receipt, it is by no means clear that, even in the absence of any explanatory evidence, it could be considered as an acknowledgment of full satisfaction of all the obligations of the contract; for it will be noted that, according to the contract, the defendant was to pay for the timber at $8.50 per thousand, as delivered, and it was only in the event of plaintiff's failure to realize $4220.00 from all the timber that the additional amount of fifty cents per thousand was to be paid. These receipts show on their face that they were taken in the progress of the hauling, and apparently refer to the $8.50 which was to be paid for the timber as it was hauled and delivered. The evidence has already shown that only $3935.90 had been realized from all of the timber, and if the parties were closing the transaction, and plaintiff had intended to release the balance due, it seems that they would have embodied it in a writing reciting the payment of the entire $3935.90 and showing that the same had been received in full satisfaction, and the balance of the claim had been released. But, even if its wording could be construed as a receipt in full for the entire claim, a receipt in full is only presumptive evidence of the payment of a demand, and simply places upon the creditor the burden of proving that "Such demand was not in fact included in it."— *Scruggs v. Bibb,* 33 Ala. 482.

In the case of *Hart v. Freeman,* 42 Ala. 568, the rulings of the Court show that parol testimony was received and considered to explain the receipt, and the only decision of the Court was that the party could not add the parol testimony to the receipt and make a composition out of it; and this latter part was qualified, by the subsequent decision of the Court.

[Stegall v. Wright.]

*Singleton, Hunt & Co. v. Thomas,* 73 Ala. 205, which case decides that the whole scope of § 1806 is to do away with the necessity of a seal, to such instruments.

In the case of *McArthur v. Dane,* 61 Ala. 539, the receipt was in full "For the judgment, interest and damages," going on to describe it accurately, and stating who was to pay costs, yet, because it was proved by parol that the party who signed the receipt did not know that he was entitled to five per cent commission, the receipt was allowed to operate only as a partial payment.

In the case of *Eufaula National Bank v. Passmore,* 102 Ala. 307, the decision is based on a receipt in full, "Intended as a full discharge." Chief Justice Stone states distinctly that such a receipt "Fairly importing that it is a full satisfaction, becomes *prima facie* evidence * * * open to explanation or contradiction."

And in the case of *Hodges v. T. I. Co.,* 123 Ala. 572, Chief Justice McClellan says, "Nothing can be plainer than that it (§ 1805) can have no effect in respect of even an expressed receipt *not intended* to operate as such by the parties thereto."—p. 576. There was no error in overruling defendant's objection to the question propounded to plaintiff as a witness.

What has been said applies also to assignments 2, 5, 6, 8, 10, 11, 12, and 13, which are all the assignments insisted on in argument.

The judgment of the court is affirmed.

McClellan, C. J., Tyson and Anderson, J.J., concurring.