[Hare v. Hare.]

# Hare *v.* Hare.

### Probate Proceedings.

(Decided January 13, 1916.   70 South. 630.)

1. **Payment; Receipt; Explanation or Contradiction.**—A receipt acknowledging that the signer had received from the administrator of her son's estate her entire one-half interest therein, for which a decree had been entered against the administrator by the probate court, was open to explanation or contradiction.

2. **Same.**—Where an administrator moves to satisfy a decree which had been rendered against him, and relies on a receipt acknowledging payment of the decree, the burden was on the person giving the receipt to prove nonpayment.

3. **Accord and Satisfaction; Receipt; Future Support.**—Where it appeared that the receipt did not bear witness of a payment made, and that its consideration was a promise of future support, a motion to satisfy a judgment in accordance with the receipt, was properly denied, allowance being for support actually received from movant.

APPEAL from Blount Probate Court.

Heard before Hon. JOHN F. KELTON.

Proceedings to settle the account of A. R. Hare, as administrator of the estate of M. W. Hare, deceased. A decree was rendered against accountant in favor of Adaline Hare. Thereafter accountant moved the court to enter satisfaction of the judgment, and from a decree granting partial satisfaction, but refusing satisfaction in full, he appeals. Affirmed.

The receipt referred to is as follows: Received of A. R. Hare, administrator, of the estate of M. W. Hare, deceased, my entire one-half interest of the estate of said M. W. Hare.

her<br>
Adaline X Hare.<br>
mark

Witnesses: Homer Garris and D. W. Ratliff.

We, the witnesses to the above signature, state that the said Adaline Hare signed the name by making her mark to said signature of said receipt in our presence, and that we signed the same as witnesses in her presence, and in the presence of each other. [Signed by witnesses as above set out.]

The court entered a decree crediting the judgment and decree with the sum of $127.33, for the support and maintenance

of Adaline Hare, from the time she entered into said contract in April, 1911, up to April 1, 1913, at which time she left movant's house.

T. B. RUSSELL, for appellant.  O. A. STEELE, for appellee.

SAYRE, J.—On appellant's settlement of his administration of the estate of his brother, M. W. Hare, deceased, the probate court rendered a decree against him for a sum certain in favor of his mother, the appellee. Afterwards appellant moved the court to enter satisfaction of the judgment producing to the court a paper writing purporting to be a receipt by appellee of her entire interest in the estate of her deceased son. This receipt, if executed at all, was executed a short while after the settlement, appellant's theory being that it evidenced the complete execution of an agreement, entered into shortly after the death of M. W. Hare, by which he would take care of appellee during her life on consideration that she would give him her interest in the estate together with "any other property that she might have." He offered testimony tending to show that after the receipt had been executed his mother left his roof without any fault on his part. Appellee, on the other hand, denied that she had executed the receipt, and the two witnesses whose names appeared upon the receipt as attesting its execution, denied any knowledge of it. She also adduced testimony, to some of which appellant reserved exceptions, going to show that she left the shelter of appellant's home because she was not properly treated there. The court allowed appellant a credit on the judgment or decree against him, presumably for the value of the care he had given his mother during her stay, possibly also for some payments of money appellant testified he had made to her, though she denied that she had received a cent from the estat of her deceasd son; but the court refused to enter satisfaction in full. Hence this appeal

(1, 2) Without regard to the errors alleged in the admission of testimony—though the rulings as to that were probably correct—the judgment on the motion was correct, so far at least as it went against appellant, by which we mean that the alleged errors did not affect other proper considerations upon which the judgment must be justified. Assuming that the parties dealt

[Hare v. Hare.]

with each other on terms of equality, the receipt, though executed by appellee as the court found, was nothing but a receipt and was open to explanation or contradiction; the burden of proof resting upon appellee.—*Eufaula National Bank v. Passmore*, 102 Ala. 370, 14 South. 683.

(3) This receipt did not witness an accord and satisfaction, nor any compromise of appellee's right to support during her life or of the judgment in her favor. It is not pretended that any valuable consideration, benefit, or possibility of benefit, passed at the time to appellee for the receipt.—*Abercrombie v. Goode*, 187 Ala. 310, 65 South. 810. It was just a plain receipt, if anything, intended to bear witness to the fact that appellee had already, in one way or another, received her entire interest in the estate of her deceased son. That she had not been supported during her life is clear, nor is it of any consequence whether she afterwards left appellant's house for her fault or his, though the parties seemed to lay some stress on this point; for she had not then left in any wise. If it was intended to bear witness to the payment of money, that was a matter not touched by the testimony to which exceptions were reserved, and it is perfectly clear that no payment had been made on the judgment. If payments on account of her interest in the estate had been made prior to the judgment, no reason appears why credits were not asked on the settlement had by the court, and the court might well have found, anyhow, that no such payments had ever been made; in fact, we think any other finding would have been against the weight of the evidence.

The ruling on the motion might be justified on other grounds; but, without dwelling too long upon the case, we state our conclusion, on the considerations mentioned, that there was no error against appellant.

Affirmed.

Anderson, C. J., and McClellan and Gardner, JJ., concur.