# Lampkin v. Rose.

(Decided November 23, 1916.   Rehearing denied January 18, 1917.
73 South. 896.)

1. **Payment; Evidence; Receipts.**—Under § 3973, Code 1907, receipts showing full payment of a note made a prima facie case for the defendant under the defense of payment of the note.

2. **Pleading; Amendment.**—In an action on the note an amendment to the complaint changing the date of the loan from December 13th to December

[Lampkin v. Rose.]

9th, to conform to the evidence was not a material alteration, nor did it authorize defendant to file as a matter of right the additional plea of non claim.

3. **Appeal and Error; Review; Discretion.**—An offer by a defendant after an immaterial amendment to file an additional plea of non claim was addressed to the sound discretion of the trial court and not revisable on appeal.

APPEAL from Morgan Circuit Court.

Heard before Hon. ROBERT C. BRICKELL.

Assumpsit by Fannie Rose against Tennie Lampkin, as administrator. Judgment for plaintiff and defendant appeals. Reversed and remanded.

Transferred from Court of Appeals under Acts 1911, p. 450.

E. W. GODBEY, for appellant. O. KYLE, for appellee.

SOMERVILLE, J.—Plaintiff's evidence showed that she lent $250 to defendant's intestate, A. B. Lampkin, on December 9, 1912, and that he gave her a note and mortgage to secure it, payable one year later.

On January 14, 1913, plaintiff executed and acknowledged before a notary a certificate that "A. B. Lampkin has paid to this date, January 14, 1913 ($228.00) two hundred and twenty-eight dollars, as a credit to a certain note and mortgage, dated December 9, 1912, payable to Fannie Rose, recorded in probate court," etc. On February 1, 1913, plaintiff executed and acknowledged another certificate that the same mortgage and note "has been paid and fully satisfied."

(1) These documents, the first of which is in effect a receipt for $228, were put in evidence by defendant. Prima facie, they show full payment of the loan made by plaintiff to the intestate, and under the statute must have effect according to the intention of the parties."—Code, § 3973. They were of course open to explanation or contradiction (*Stegall v. Wright,* 143 Ala. 204, 38 South. 844) ; but there was neither explanation nor contradiction offered, nor was there any evidence tending to show, in rebuttal of their prima facie effect, that all or any part of the original loan in fact remained due.

The only evidence tending to show that intestate owed plaintiff anything after February 1, 1913, was the memorandum book of plaintiff in which the intestate had stated an account with plaintiff, showing a credit for her of $65, and several debits against her for money paid her at different times. On the undis-

[Bessemer Water Works Co. v. City of Bessemer.]

puted evidence, therefore, plaintiff was entitled to recover no more than $65, less the amounts shown to have been paid thereon by the intestate and his administratrix.

We think that the motion for a new trial should have been granted, and a judgment will be here rendered setting aside the verdict and judgment in the lower court, with remandment for another trial.

(2, 3) It is unnecessary to consider other assignments of error, except to say that plaintiff's amendment of the complaint so as to change the date of the loan of the money to intestate from "December 13, 1912," to "December 9, 1912," conformably to the evidence, was not a material amendment, and did not authorize defendant, as a matter of right, to file additionally the proffered plea of nonclaim. Its rejection was within the discretion of the trial judge, and is not reviewable on appeal.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.