(101 So. 102)

**VICKERY v. BAGGETT.** (3 Div. 454.)

(Court of Appeals of Alabama. Feb. 5, 1924. Rehearing Denied April 8, 1924. Affirmed on Mandate June 30, 1924.)

1. **Payment ⬳73(1)—May be established by circumstances showing that continued existence of debt not probable.**

Positive evidence of payment is not always required, and it may be established by circumstances that would satisfy a jury that continued existence of debt was not probable.

2. **Trial ⬳260(9)—Refusal to give plaintiff's requested instruction covered by other instructions held not erroneous.**

In an action on a note, refusal to give plaintiff's requested charge that burden of proof was on defendant to show payment by preponderance of evidence reasonably satisfying jury, did not authorize a reversal under Acts 1915, p. 815, where it was fully covered by other written charges.

3. **Appeal and error ⬳1057(2)—Trial ⬳48— Exclusion of partly irrelevant testimony to prove an admission by defendant held not erroneous.**

In an action on a note payable to defendant's deceased stepfather, exclusion of testimony as to agreement as to division of real and personal property, though including an admission by defendant of his indebtedness on another note, *held* not erroneous, because offered as a whole and partly irrelevant, especially as it related to a time when it was admitted that defendant owed such note, and witness immediately after court's ruling testified that defendant admitted he owed such note.

4. **Evidence ⬳197—Objection to admission of signature held properly overruled.**

In an action on a note, plaintiff's objection to admission in evidence of his decedent's signature to a power of attorney, for purpose of comparison, unless entire *instrument* was admitted, was properly overruled, since the contents of instrument were entirely foreign to any issue.

5. **Trial ⬳84(1)—All other grounds of objection waived where objection is made upon a single ground.**

Where an objection to admission of testimony is made upon a single ground, all other grounds are waived.

6. **Appeal and error ⬳302(3)—Assignment of error held too general to be considered on appeal.**

An assignment of error in a motion for new trial, that "court erred in its ruling on the submission of testimony," was too general to be considered on appeal.

7. **Appeal and error ⬳302(1)—Errors complained of should be sufficiently specified.**

Motion for new trial should specify with such certainty the errors complained of as to direct court's attention thereto.

Appeal from Circuit Court, Butler County; Arthur E. Gamble, Judge.

Action on promissory note by Fannie Vickery, as executrix of John T. McPherson, deceased, against W. A. Baggett. Judgment for defendant, and plaintiff appeals. Affirmed on mandate of Supreme Court in Ex parte Baggett, 211 Ala. 610, 101 South. 104.

Charge C, refused to plaintiff, is as follows:

"C. The court charges the jury that, in claiming that the note sued upon was paid before suit was brought, the defendant assumes the burden of proof as to such payment, and there must be such a preponderance of evidence as the jury must be reasonably satisfied from the evidence that the note was actually paid, and if, after you have weighed all the evidence in the case, the evidence is evenly balanced as to this, then the defendant will have failed to sustain such burden of proof, and your verdict should be for the plaintiff."

Powell & Hamilton, of Greenville, for appellant.

There was no plea of accord and satisfaction, and the receipt was not admissible. Smith v. Elrod, 122 Ala. 269, 24 South. 994; 7 R. C. L. 7; Harrison v. Henderson, 67 Kan. 194, 72 Pac. 875, 62 L. R. A. 760, 100 Am. St. Rep. 393; 23 R. C. L. 414; Code 1907, § 3973; Abercrombie v. Goode, 187 Ala. 312, 65 South. 816; La. Lbr. Co. v. Farrior, 9 Ala. App. 383, 63 South. 788.

Lane & Lane, of Greenville, for appellee.

A receipt in full of all claims due up to its date is presumptive evidence of the payment of the demand then past due, and throws on the creditor the burden of proving that such demand was not in fact included in it. Scruggs v. Bibb, 33 Ala. 481; Lampkin v. Rose, 198 Ala. 533, 73 South. 896; Eufaula Bank v. Passmore, 102 Ala. 372, 14 South. 683.

SAMFORD, J. The suit was originally brought on two notes executed by the defendant and payable to Jno. T. McPherson, the deceased, in the sum of $180 each, and due at different times, one due November 1, 1920, and one November 1, 1921. The consideration for the notes was the rent of certain lands during the years in which the notes were given. The pleas were the general issue and payment. On the trial the count claiming for the 1921 rent was eliminated.

On the trial, after plaintiff had made out her case, by proof of the last note due November 1, 1920, and its contents, and offering proof as to the possession of the note by McPherson, the deceased, defendant testified that McPherson did not have possession of the note at the time testified to by plaintiff, and over the objection and exception of plain-

tiff introduced in evidence the following instrument, with proof of the signature of McPherson, to wit:

"$1,300.00                    Feb. 23, 1921.

"Received of W. A. Baggett thirteen hundred dollars in full payment for all claims due me by the said W. A. Baggett to date if note is ever found it will be marked paid and delivered to the said W. A. Baggett.

                              "J. T. McPherson."

[1] The admission of this paper is the basis for the first assignment of error. A discussion here of the necessity for a plea of accord and satisfaction would be purely academic. There is no such plea in the record, and the question is as to whether the recitals of the receipt are such as to relate to the payment of the note sued on. Positive evidence of payment is not always required, but may be established by circumstances that would satisfy a jury that the continued existence of the debt was not probable. Phillips v. Adams, 78 Ala. 225. The note sued on was not in evidence except by secondary evidence. The possession by plaintiff's intestate was a matter of inference. It was a claim against defendant at the time of the giving of the receipt, but we do not think the language of the receipt is broad enough to cover it as well as other claims held by plaintiff's intestate on February 23, 1921, not growing out of and being connected with the $1,300 note. Such receipt is not conclusive, but must have effect according to the intent of the parties, and if so intended may amount to a full payment after adjustment of the amount agreed by the parties to be due; but this intent must be gathered from the receipt itself, which by its terms is limited to the $1,300 and claims incident thereto. Code 1907, § 3973; Lampkin v. Rose, 198 Ala. 533, 73 South. 896; Eufaula Nat. Bank v. Passmore, 102 Ala. 370, 14 South. 683.

[2] While it would not have been reversible error for the court to have given charge C as requested by plaintiff, it is held that the refusal to give this and similar charges will not authorize a reversal. Green v. Birmingham Ry. L. & P. Co., 187 Ala. 508, 65 South. 781, and authorities there cited. Besides the other written charges given at the request of the plaintiff fully and fairly stated the proposition of law set forth in charge C. Acts 1915, p. 815. There was evidence to sustain the verdict such as would not justify this court in interfering with the finding of the trial judge on motion for new trial.

[3] The plaintiff offered to prove by the witness Vickery that in January or February defendant was present at a conference, at which was plaintiff, McPherson, the deceased, and perhaps others. There was being discussed at that time a division of the McPherson property between Baggett, a stepson, and plaintiff. There was an agreement as to a division of the land:

"That it was admitted at that time that Baggett owed McPherson $2,000, and a part of this indebtedness was evidenced by this note for $1,300, and that Baggett (defendant) claimed that he had also $700 on deposit somewhere. That he agreed to pay Mrs. Vickery one-half of that $2,000, with the understanding that he was to retain the other part of it. That he did pay $300, and that he was to get up the other $700. That later when he didn't settle with her she went to see him and had this conversation of the 16th of March with reference to paying $700, and then asked him if he was going to pay the $1,300."

The defendant objected to this, the objection was sustained, and exception reserved.

The witness had already testified to an admission by the defendant as to the $1,300 debt on March 16th, which fact, along with other testimony of admissions as to the debt, would probably render any error in this ruling harmless. But we see no error in the court's ruling. In the first place, that part of the testimony offered, relating to a division of the land, was irrelevant and properly excluded. The testimony being offered as a whole, and a part being illegal, it was not error to exclude the whole. Moreover, all of this testimony relates to a time prior to the signing of the receipt offered in evidence and at a time when it was admitted the defendant owed the $1,300 note. The only purpose of the testimony offered was to prove an admission, and as to this the witness testified, immediately following the ruling of the court sustaining the objection to the details of the conversation, that defendant admitted owing the $1,300.

[4, 5] The defendant offered in evidence the signature of McPherson to a certain power of attorney executed in 1916; this signature being offered for the purpose of comparison. To this the plaintiff objected, unless the entire instrument was admitted. The court overruled this objection, and we think properly so, because the contents of the instrument were entirely foreign to any issue in this case. The objection having been made upon the single ground, all other grounds of objection are waived. If proper objection had been made, the signature would have been excluded. Sulzby v. Palmer, 194 Ala. 524, 70 South. 1.

[6, 7] On motion for a new trial a ground stated in the motion, "The court erred in its ruling on the submission of testimony," is too general in its allegations to be considered on appeal. The errors complained of should be specified with sufficient certainty as to direct the attention of the court to the matters complained of. Moneagle & Co. v. Livingston, 150 Ala. 562, 43 South. 840.

For the error pointed out, the judgment is reversed. and the cause is remanded.

Reversed and remanded.

PER CURIAM. Affirmed on authority of Ex parte Baggett (Vickery v. Baggett) 211 Ala. 610, 101 South. 104.