(101 South. 104)

## Ex parte BAGGETT.

## VICKERY v. BAGGETT.

### (3 Div. 667.)

(Supreme Court of Alabama. May 29, 1924. Rehearing Denied June 30, 1924.)

Payment ⬤65(8), 70(5)—Receipt held admissible as including past-due note; receipt held to place burden on plaintiff to show that note was not included therein.

A receipt between defendant and plaintiff's decedent, reciting that it was "in full payment for all claims then due," *held* broad enough to include a note past due at that time and hence admissible, and to place on plaintiff burden of proving that such note was not in fact included, under Code 1907, § 3973, though specifically referring to another lost note.

Certiorari to Court of Appeals.

Petition of W. A. Baggett for certiorari to the Court of Appeals, to review and revise the judgment and decision there rendered in the case of Vickery v. Baggett, 101 South. 102. Writ granted, judgment of Court of Appeals reversed, and cause remanded.

Lane & Lane, of Greenville, for petitioner.

The receipt was admissible as presumptive evidence of payment. Scruggs v. Bibb, 33 Ala. 481. The expression of an amount in a receipt does not limit it to any particular claims, when it is against all to date. Lampkin v. Rose, 198 Ala. 533, 73 South. 896; Code 1907, § 3973.

Powell & Hamilton, of Greenville, opposed.

The receipt was not admissible in proof of any plea filed. Smith v. Elrod, 122 Ala. 269, 24 South. 994; 7 R. C. L. 7; Harrison v. Henderson, 67 Kan. 194, 72 Pac. 875, 62 L. R. A. 760, 100 Am. St. Rep. 386; 23 R. C. L. 414; Abercrombie v. Goode, 187 Ala. 310, 65 South. 816; La. Lbr. Co. v. Farrior, 9 Ala. App. 383, 63 South. 788.

MILLER, J. This suit as presented to the jury was on a promissory note for $180, due November 1, 1920, made and executed by the defendant, W. A. Baggett, payable to John T. McPherson, the deceased, plaintiff's testator. It was given for rent of certain land for the year 1920. There was verdict in favor of the defendant, and from a judgment thereon by the court an appeal was prosecuted by the executrix of the estate of deceased to the Court of Appeals. The Court of Appeals reversed the judgment and remanded the cause, and it is before us on petition for writ of certiorari to that court. The cause was tried on plea of general issue and payment.

It appears the original note for $180 was lost; proof thereof, and of its contents was made in the trial court, and plaintiff rested.

---

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The trial court then, over objection and exception of plaintiff, permitted defendant to introduce in evidence the following instrument, after proving it was executed by J. T. McPherson, plaintiff's testator, to wit:

"$1,300.00 Feb. 23, 1921.
"Received of W. A. Baggett thirteen hundred dollars in full payment for all claims due me by the said W. A. Baggett to date if note is ever found it will be marked paid and delivered to the said W. A. Baggett.
"J. T. McPherson."

The Court of Appeals held the trial court, by admitting in evidence this receipt, committed reversible error, for which the judgment was reversed and the cause remanded.

In Scruggs v. Bibb, 33 Ala. 485, Justice Walker wrote for the court:

"A receipt, dated after the demand sued upon became due, in full of all claims due up to its date, was certainly presumptive evidence of the payment of the demand, and the court did not err in so instructing the jury." '

This principle was referred to with approval in Dillard v. Scruggs, 36 Ala. 670. In Stegall v. Wright, 143 Ala. 204, 38 South. 844, this court wrote and cited Scruggs v. Bibb, supra, to sustain and support it, as follows:

"But, even if its wording could be construed as a receipt in full for the entire claim, a receipt in full is only presumptive evidence of the payment of a demand, and simply places upon the creditor' the burden of proving that 'such demand was not in fact included in it.' "

See, also, Eufaula Nat. Bk. v. Passmore, 102 Ala. 370, 14 South. 683. ,

This receipt was dated February 23, 1921. The note sued on matured November 1, 1920. This was prior to the execution of the receipt. This receipt on its face states, "in full payment for all claims due me by the said W. A. Baggett, to date." It purports on its face to include payment for more than one demand. It is a receipt for full payment for "all claims * * * to, date." This claim, the note sued on, was past due at that time. The receipt does not state in full payment for a claim, and if note is ever found it will be marked "Paid" and delivered to him, but it states "in full payment for all claims due me" by him "to date," and if note is ever found it will be marked paid and delivered to. him. This is broad enough to comprehend and include the claim, note sued on, and the note for $1,300 which plaintiff claims was lost. This receipt is broad enough to include the payment of "all claims due plaintiff's testator by the defendant" to date thereof—February 23, 1921, and it is presumptive evidence of the payment of all claims due by defendant to plaintiff's testator then past maturity. This receipt was not only competent and relevant evidence, but it was presumptive evidence of the payment of this $180 note, which matured before this receipt was executed and delivered to the defendant by plaintiff's testator. It placed on the plaintiff the burden of proving that this $180 note was not in fact included in it. Section 3973, Code 1907; Scruggs v. Bibb, 33 Ala. 485; Dillard v. Scruggs, 36 Ala. 670; Stegall v. Wright, 143 Ala. 204, 38 South. 844; Eufaula Nat. Bk. v. Passmore, 102 Ala. 370, 14 South. 683; Lampkin v. Rose, 198 Ala. 533, 73 South. 896.

The trial court properly ruled that this receipt was competent and relevant evidence and allowed it to go to the jury. The Court of Appeals erred in reversing the judgment and remanding the cause on account of this ruling of the trial court.

The petition for writ of certiorari is granted, the judgment of reversal entered by the Court of Appeals will be set aside, and the cause will be remanded to said court.

Writ granted.

ANDERSON, C. J., and SAYRE, SOMERVILLE, GARDNER, THOMAS, and BOULDIN, JJ., concur.