Ruthie Marvin WARREN, as Personal Representative of Lisa Marvin Warren, a Minor, Deceased, Plaintiff,

v.

GENERAL MOTORS CORPORATION, a Delaware corporation, Defendant.

Ruthie Marvin WARREN, as Personal Representative of Thomas Wynfred Warren, Sr., Deceased, Plaintiff,

v.

GENERAL MOTORS CORPORATION, a Delaware corporation, Defendant.

O'Dell WARREN, as Personal Representative of Frances Warren, Deceased, Plaintiff,

v.

GENERAL MOTORS CORPORATION, a Delaware corporation, Defendant.

James MARVIN, Plaintiff,

v.

GENERAL MOTORS CORPORATION, a Delaware corporation, Defendant.

Ruthie Marvin WARREN, Plaintiff,

v.

GENERAL MOTORS CORPORATION, a Delaware corporation, Defendant.

Trammell WARREN, a Minor, who sues by Guardian and Next Friend, Ruthie Marvin Warren, Plaintiff,

v.

GENERAL MOTORS CORPORATION, a Delaware corporation, Defendant.

Thomas Wynfred WARREN, Jr., a Minor, who sues by Guardian and Next Friend, Ruthie Marvin Warren, Plaintiff,

v.

GENERAL MOTORS CORPORATION, a Delaware corporation, Defendant.

Gregory WARREN, a Minor, who sues by Guardian and Next Friend, Ruthie Marvin Warren, Plaintiff,

v.

GENERAL MOTORS CORPORATION, a Delaware corporation, Defendant.

Civ. A. Nos. 3233-N—3240-N.

United States District Court,
M. D. Alabama, N. D.

July 26, 1971.

Thomas F. Parker, Montgomery, Ala., for plaintiffs.

Harry Cole, Hill, Hill, Stovall, Carter & Franco, Montgomery, Ala., for defendant.

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR NEW TRIAL

VARNER, District Judge.

Plaintiffs were the driver, passengers, and representatives of deceased passengers, who were injured or killed in an automobile accident. There was evidence for the Plaintiffs which tended to show that, though the car was but a few weeks old, the steering gear on the car was defective because of sand therein and that the accident was the proximate result of the defective steering mechanism. Plaintiff-Driver, however, admitted that the car had been repaired by persons, other than the agents of the Defendant, shortly before the accident. The Court, at the close of Plaintiffs' evidence, directed verdicts for the Defendant, and Plaintiffs have filed their Motion for New Trial.

Plaintiffs' brief seems to take the position flatly and firmly that the doctrine of res ipsa loquitur applies in this case. Plaintiffs' Motion for New Trial fails in that evidence submitted by the Plaintiffs did not meet the standard required under the doctrine of res ipsa loquitur. The evidence, without contradiction, showed that persons other than General Motors Corporation had repaired the automobile in question subsequent to the time that the General Motors Corporation had custody of the car, and the facts were, therefore, such that it was possible that others had caused the problems associated with the cause of the accident. Under the res ipsa rule, no specific negligence need be proved— indeed, negligence of the Defendant is presumed—if the thing which caused the injury to the Plaintiffs has been under:

> "the control and management of the defendant, and * * * the occurrence was such as in the ordinary course of things would not happen if those who had its control or management used proper care."

38 Am.Jur. 989, Negligence § 295; See also Prosser on Torts, 3rd Ed., 218, and cases cited. This simply was not a res ipsa case.

Plaintiffs also take the position that the scintilla rule applies in federal cases and cite many state cases concerning submission of the case to the jury under the scintilla rule. They overlook the question of whether or not the scintilla rule applies in federal cases. See 5 Moore's Federal Practice 2324, "The federal courts are generally committed to a rejection of the so-called 'scintilla rule'," and cases cited.

The Court's ruling was based on the proposition that, in the mind of this Court, the doctrine of res ipsa loquitur does not apply to the facts in this case. This would be true for all of the cases, as to both passengers and driver. The fact that all of the Plaintiffs, except the driver, had executed releases of the driver for his negligence in causing their injuries or the injuries of their intestates, was relevant, but not necessary, to the directed verdicts given for the Defendant in each of the cases except that of the driver. As to the cases of the Plaintiffs other than the driver, a directed verdict, in this Court's mind, might also have been given on the theory that Plaintiffs had released some joint tortfeasors and, therefore, had released all joint tortfeasors. See Battle v. Morris, 265 Ala. 581, 93 So.2d 428; Lampkin v. Rose, 198 Ala. 533, 73 So. 896; Eufaula Nat'l Bank v. Passmore, 102 Ala. 370, 14 So. 683. Plaintiffs (passengers) had executed, according to undenied evidence, releases to the driver and all oth-

242

ers. Nonetheless, it is difficult to imagine a situation where the driver's negligence, for which the passengers demanded and received compensation, would not have concurred with any possible negligence of the Defendant.

The other questions raised on page 16 of Plaintiffs' brief on Motion for New Trial, that is, the fact that one juror was allegedly not present at one short stage of the trial and the fact that the Court allegedly expressed an opinion in the presence of the jury, could hardly be relevant here as both these questions relate to fairness of jury consideration, and the jury did not consider any aspect of this case under the ruling of the Court.

The primary question was applicability of the doctrine of res ipsa loquitur. The Court is of the opinion that its direction of verdicts for the Defendant in the cases in question was without error and Plaintiffs' Motion for a New Trial should be, and the same is hereby, denied.