# Nixon *v.* Clear Creek Lumber Co.

*Bill for Discovery and Injunction.*

(Decided May 6, 1907. 43 So. Rep. 805.)

1. *Equity; Jurisdiction; Complete Relief.*—The bill sought a discovery, and to enforce a set off, and alleged that the two debts arose out of the same circumstances between the two parties, one a partnership and the other a corporation; that each would have been entitled to the right of set off, and that to prevent set off suits were brought against complainant, a member of a partnership, in his individual capacity, one in the form of detinue, and that these suits had resulted in a money judgment against him. Held, the equity is furnished in the necessity for a discovery and the court having acquired jurisdiction for that

[Nixon v. Clear Creek Lumber Co.]

purpose will go further and decree justice between the parties.

2. *Discovery; Equity; Statutory Provision; Jurisdiction.*—The statutory provisions authorizing the examination of either party as witnesses in an action at law, and providing for filing interrogatories to the opposing party, and for the requiring of the production of books and writings are cumulative to the equitable jurisdiction for discovery and does not interfere with or abridge the same.

3. *Same; Bill; Dismissal.*—The failure to allege properly the insolvency of a defendant in a bill for discovery, is an amendable defect and as such does not justify a dismissal for want of equity.

4. *Same; Parties.*—Where a discovery is sought against a corporation it is proper to join the officer from whom the information is to be obtained as a party defendant.

5. *Same; Application; Requisites.*—Where a discovery is sought against a corporation, and an officer of the corporation is made co-defendant, it is not incumbent on the plaintiff to state what the officer knows; the gravamen of the prayer for discovery is that the complainant does not know, and he is entitled to have an answer from any officer of the corporation who is acquainted with its business.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Bill by Robert Nixon against the Clear Creek Lumber Company. From a decree for defendant, complainant appeals. Reversed and remanded.

J. M. CHILTON, for appellant.—Where a defendant to an action at law has a cross demand which might have been set off, he cannot after judgment rendered maintain a bill in equity for the purpose of availing himself of the set-off; and this is true even when the bill alleges the insolvency of the plaintiff who obtained the judgment.—*Pierce v. Winter Iron Works,* 32 Ala. 73; *Watts v. Sayre,* 76 Ala. 397; *Owen v. Gerson,* 119 Ala. 217. Damages in tort may be set off against action ex contractu, if the damages in tort do not sound in damages merely.—*Johnson v. Aldridge,* 93 Ala. 77; *Sledge v. Swift,* 53 Ala. 110; *Rosser v. Bunn,* 66 Ala. 300; *Collins v. Green,* 67 Ala. 215; *Horton v. Miller,* 84 Ala. 540; *Conner v. Smith,* 88 Ala. 309; *Robinson v. Moseley,* 93

Ala. 78; *Finney v. Denney,* 122 Ala. 453; *Bunny v. Reeves,* 127 Ala. 131. A misrepresentation or breach of warrant of the quality of the chattel sold is a matter of set-off, the law fixing the measure of damages.—*Wood v. Fowler,* 37 Ala. 55; *Cage v. Phillips,* 38 Ala. 382; *Rosser v. Bunn,* 66 Ala. 89. The statute authorizing the production of books is cumulative.—*Woolfe v. Underwood,* 96 Ala. 329. The exception noted in that case does not apply to this case. This case falls within the influence of the *T & A. Minning Co. v. Hale, et al..,* 93 Ala. 543. As to the books and writing and the discovery from an officer of defendant, a motion to dismiss for a want of equity cannot prevail if complainant on the facts stated is entitled to any relief in any aspect of the bill.— *Seals v. Robinson,* 75 Ala. 363; *Tillman v. Thomas,* 87 Ala. 223; *Gulf Red Cedar Co. v. O'Neil,* 131 Ala. 136; *Coleman v. Butt,* 130 Ala. 268; *Brown v. Mize,* 119 Ala. 10; *Bell v. Mont. Co.,* 103 Ala. 275; (S. C. 90 Am. St. Rep. 22).

W. F. THETFORD, JR., for appellee.—Unless there are some intervening equities which render it necessary for the protection of the demand sought to be set off, a court of chancery will not interfere.—*O'Neil v. Perryman,* 102 Ala. 522. Under the statutes as they now exist the remedy by mandamus is open to compel an inspection of books, etc., and complainant has a plain and adequate remedy at law.—*Woolfe v. Underwood,* 96 Ala. 329. The recent case of *Norwood v. L. & N. R. R. Co.,* 42 South. 683, seems to settle the contention against complainant.

SIMPSON, J.—The bill in this case was for a discovery, and for the injunction of certain judgments, until the amount of complainant's set-off could be ascertained and applied against said judgments. The bill is filed by appellant (complainant) against appellee (defendant), and alleges that said defendant had obtained certain judgments against the complainant, which were based on the fact that the firm of Robert Nixon & Co .had taken up certain logs of the defend-

[Nixon v. Clear Creek Lumber Co.]

ant, which were adrift in the river; that said defendant was also indebted to complainant on account of logs of complainant's, which were also adrift and had been taken up by defendant, and also by a judgment in the magistrate's court, but that said defendant had brought suit against complainant individually, in place of against the firm, and in the actions of detinue and trover, for the express purpose of preventing complainant from pleading as set-offs the amounts due by defendants to said firm of Robert Nixon & Co., although said firm had offered to enter into an accounting and duly account for such logs as it had taken up, and was solvent and able to respond. The bill also alleges that the firm of Robert Nixon & Co. has been unable to discover or ascertain how many of its logs were taken by said defendant, although it has made diligent efforts to secure said information, and has in vain tried to induce the defendant to enter into an accounting, in which each should account for such logs as it has taken up. It is also alleged that before the filing of this bill said account and judgment of said firm of Robert Nixon & Co. have been assigned to complainant, and are now his property, and he offers the same as set-offs to said judgment held by defendant against them.

The able opinion of the judge of the city court of Montgomery, in equity, gives an interesting history of the doctrine of bills of discovery in equity, and reaches the conclusion that, inasmuch as this jurisdiction was originally assumed because of the inadequacy of the powers of courts of law, yet that, since the stautes have provided for the examination of parties, the effect has been to take away from courts of equity its ancient jurisdiction in that matter. In this conclusion we are not able to concur. It is a principle that has passed into an axiom of our laws that, when certain matters have been within the jurisdiction of courts of equity, subsequent statutes conferring like jurisdiction upon courts of law are merely cumulative, and do not deprive the chancery court of its original jurisdiction, unless the statute specifically does so. It is true, however, that upon this particular point there is a sharp

conflict in the decisions of other states. Mr. Pomeroy, in his work on Equity Jurisprudence, states that where Codes of Civil Procedure have been adopted, by which the distinction between proceedings at law and in equity has been abolished, the method of equitable discovery has been "practically" destroyed; but he goes on to state that in states where separate tribunals of law and of equity are preserved "it has generally been held that the Legislature has not abridged nor affected the auxiliary equitable jurisdiction to entertain suits for mere discovery of evidence and production of documents, and that such equitable jurisdiction still exists where not expressly abolished by the statutes."—1 Pomeroy's Eq. Jur. (1st Ed.) pp. 185, 186, § 193. He goes on to state this conclusion is not universal. He states in a subsequent section that "a suit for discovery will be maintained in aid of another cause in equity, * * * or proceedings in any common-law court of general jurisdiction, * * * which is, or was by its original modes of procedure, unable to compel the needed disclosure."—Page 188, § 196. In section 230 the learned author is discussing only the principle that, when a court of equity has taken original jurisdiction for discovery in regard to a purely legal controversy, it will proceed to do complete justice by deciding the entire case; and he argues against the rule, as it existed both in this country and England, intimating that there never was any reason why the case should not have been left to the court of law to decide after the discovery had been accomplished, and finally expresses an opinion that "this particular doctrine" has been swept away by statutory enactments, and he is particular in his note to make it clear that his remarks are only as to this particular doctrine.—1 Pomeroy's Eq. Jur. §§ 223, 230, and note on page 238.

Without expressing any opinion as to whether, even as to this particular doctrine, the learned author is as logical as he usually is, our own court has held the opposite view, as will be seen by authorities hereafter cited. As heretofore remarked, the cases in other jurisdictions are in conflict, and can be seen by reference to

16 Century Digest, under the title "Discovery," § 4, to 14 Cyc. p. 309, and to a note to *Cargill v. Kountze Bros.*, 24 L. R. A. 183. But we think the best-considered cases, as well as the reason of the law, sustain the proposition that the statutory provisions do not interfere with the equitable jurisdiction in matters of discovery, unless it is so specially provided in the statute.—*Howell v. Ashmore*, 9 N. J. Eq. 82, 93, 94, 57 Am. Dec. 371; *Shortwell's Adm'r v. Smith*, 20 N. J. Eq. 79; *Miller v. U. S. Casualty Co.*, 61 N. J. Eq. 110, 116, 117, 47 Atl. 509. In our own state, in addition to the general statute making parties witnesses, section 1850 of the Code of 1896 provides (as did previous Codes) for filing interrogatories to the opposing party, and section 1859 (enacted December, 1894) provides for requiring the parties to produce books or writings in their possession or power. This general subject came before our court in 1872, and the court said: "We do not think that, because our present law of evidence enables the plaintiff to examine the defendant as a witness, his right to proceed in equity is thereby taken away."—*Cannon v. McNab*, 48 Ala. 99, 102. This court said again: "It is quite clear, however, that this well-established jurisdiction of equity in matters of discovery is not ousted, or in any wise affected, by the statutory changes in the common-law rules of evidence, by which parties to pending suits are authorized to be examined as witnesses in the courts of this state."—*Shackelford v. Bankhead*, 72 Ala. 479. In neither of these cases was there any question about the production of a book, but the principle evidently was, just as in the cases from other states cited, that, although the statutes had provided a cumulative method by which the discovery could be obtained, yet the original jurisdiction remained in the court of equity.

Again, in a case wherein it was sought to compel an administrator "to discover important facts, alleged to be indispensable to justice," and to remove the settlement into the chancery court, while it is true that among the facts sought to be discovered mention is made of the contents of a book containing memoranda, yet the decision of the court is not based on the lack

of power to compel the production of the book; but, on the contrary, it refers to *Continental Life Insu. Co. v. Webb,* 54 Ala. 697, which states that that end could be accomplished by a subpœna duces tecum, and states: "Nor is this head of jurisdiction (i. e., discovery) affected by statutory provisions authorizing the examination of the defendant as a witness in proceedings at law."—*Handley v. Heffin,* 84 Ala. 600, 602, 603, 4 South. 725. Again, in a case where a party sought to discover as to the number and value of lots which it was claimed had been sold, and in which complainant had an interest, this court said: "The well-established jurisdiction of a court of equity to compel a discovery from a party, is not affected by the statutory provisions which permit an examination of the parties to a suit as witnesses in a court of law. The jurisdiction remains the same as before the adoption of the statute.— *Wood v. Hudson,* 96 Ala. 469, 471, 11 South. 530. This court also in a matter of account held that "discovery is an acknowledged independent source of equitable jurisdiction and is not affected by statutory provision"; also that the court, having obtained jurisdiction for discovery, "will proceed to settle and adjudicate all the matters in controversy, granting complete relief, though it may involve the adjudication of purely legal questions."—*Va. & Ala. Mining & Mfg. Co. v. Hale & Co.,* 93 Ala. 542, 545, 546, 9 South. 256.

We cannot see that the force of these decisions is weakened in the least by the fact that they were delivered before the passage of the last statute on the subject of discovery, and that statute has been readopted with this interpretation on it. Section 159 has been added to the previous law, without any intimation that any different interpretation was to be given to it; and, besides, in the case now under consideration there is no question about the production of books and papers. We hold, then, that the statutory provisions are cumulative, and do not interfere with or abridge the jurisdiction of courts of equity in matters of discovery. Upon the subject of the right to resort to equity to enforce a set-off, the principle laid down by this court is

stated by Chief Justice Stone in these words: "There is a rule that when a cross-demand, rightfully held, cannot be made available by suit at law, and yet, ex æquo et bono, ought to be received as payment, chancery, in the exercise of its restraining powers, will intervene, and compel the one having the legal advantage to do justice."—*Farris v. Houston,* 78 Ala. 250.

In the case now under consideration, the two debts arose out of identically the same circumstances between the two parties, one a corporation and the other a partnership. There is no doubt that, upon an accounting between the two, which complainant alleges that his firm has vainly endeavored to bring about, each would have been entitled to the right of set-off as to these mutual demands. But the bill alleges that, for the purpose of preventing the set-off, the suits were brought against him in his individual capacity, and one of them in the form of detinue, and these suits have now resulted in moneyed judgments against him. The case of *Farris v. Houston, supra,* states that "cases of insolvency furnish illustrations of this rule"; but in that case there was no insolvency, but the equity lay in the fact that the party against whom the set-off was claimed was a married woman. In other cases it is stated that, in the absence of any other equity, it is necessary to aver insolvency; but in the case now under consideration the equity is furnished in the necessity for a discovery, and the court, having acquired jurisdiction on that ground, will go on and decree equity and justice between the parties.—*Va. & Ala. Mining & Mfg. Co. v. Hale & Co., supra.* It may be said, also, that while the bill does not, in terms, allege the insolvency of the defendant, yet it shows that all of its property is covered by mortgages of such large proportions that they would amount to a practical bar against the realizing of any judgment which complainant might obtain against defendant. Even if it were necessary to more specifically allege the insolvency of the defendant, that would be an amendable defect, and would not justify the dismissal of the bill.—*Owen v. Gerson,* 119 Ala. 217, 24 South. 413.

39 R

The suit being against a corporation, it was proper to join some officer of the corporation as defendant, and, as the gravamen of the prayer for discovery is that the complainant does not know, it would be unreasonable to require him to state what the officer knows. He is entitled to have an answer from any officer of the corporation who is acquainted with its business.—1 Pomeroy's Eq. Jur. p. 194, § 199; *Gulf Red Cedar Co. v. Crenshaw*, 138 Ala. 134, 144, 35 South, 50.

The decree of the court is reversed, and the cause remanded.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.