(75 South. 932)

YARBROUGH v. YARBROUGH.

(5 Div. 651.)

(Supreme Court of Alabama. May 10, 1917.)

1. DOWER ⊜56(3) — RIGHT BEFORE ASSIGNMENT.

A widow may retain possession free from payment of rent of the dwelling house where her husband most usually resided next before his death, together with the offices and buildings appurtenant thereto until her dower is assigned.

2. DOWER ⊜56(3)—FAILURE TO HAVE DOWER ASSIGNED—OWNERSHIP OF FEE.

Failure to have dower assigned and permitting the widow to retain possession of the homestead without more does not deprive the owner of the fee in the land.

3. DOWER ⊜44—EXTENT OF RIGHT.

A landowner died leaving a widow and children, and the widow held possession of the homestead tract in question until her death without having the estate administered or her dower or homestead set apart. One son who had conveyed his interest in his father's estate without

his wife's relinquishing her dower died before his mother. *Held*, that the fact that the son died before his mother did not affect his widow's rights, and that his conveyance was subject to her right of dower.

[Ed. Note.—For other cases, see Dower, Cent. Dig. §§ 3, 130–143.]

4. COURTS $\Longleftrightarrow$472(4)—CHANCERY COURTS—JURISDICTION—DOWER.

The statutory jurisdiction conferred on courts of probate in the allotment of dower does not take away the original jurisdiction prevailing in courts of chancery.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1204, 1259.]

5. COURTS $\Longleftrightarrow$472(4)—CHANCERY COURTS—JURISDICTION—DOWER.

Code 1907, § 3835, providing that when land out of which dower is demanded has been alienated by the husband, and from improvements made by the alienee, or from any other cause an assignment of dower by metes and bounds will be unjust, the court of probate must decline jurisdiction, clearly implies that the power conferred on the probate court for the assignment of dower was intended to be concurrent with that of the chancery court and limited to cases where such estate might be justly assigned by metes and bounds.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1204.]

6. DOWER $\Longleftrightarrow$85—FROM WHAT DATE ALLOWED.

Under Code 1907, § 3836, providing that the widow is dowable of the value of the land at the time of the voluntary or involuntary alienation thereof from the death of the husband, where petitioner's husband who conveyed his interest in his deceased father's estate without his wife's relinquishment died before his mother, petitioner's right of dower will be decreed to date from the death of her mother-in-law rather than from that of her husband; dower not having been assigned to the first widow.

[Ed. Note.—For other cases, see Dower, Cent. Dig. §§ 325, 326.]

Appeal from Law and Equity Court, Lee County; Lum Duke, Judge.

Bill by Nannie L. Yarbrough against C. S. Yarbrough. Decree for plaintiff, and defendant appeals. Corrected and affirmed.

Berrien T. Phillips, of Opelika, for appellant. Barnes & Brewer, of Opelika, for appellee.

THOMAS, J. The bill in this cause seeks to have the chancery court assign dower in lands alienated by the husband without relinquishment by the wife. The right of dower and the procedure for assignment thereof is dealt with in chapter 77, p. 554 et seq. of the Code of 1907.

When on March 3, 1912, A. B. Yarbrough died, leaving a wife (the appellee), she was entitled to have assigned to her dower in "a certain portion of the following real estate of her husband, to which she has [had] not relinquished her right during the marriage: (1) Of all lands of which the husband was seized in fee during the marriage. (2) Of all lands of which another was seized in fee to his use. (3) Of all lands to which, at the time of his death, he had a perfect equity, having paid all the purchase money there-

for." Code, § 3812. This right of dower, however, is dependent on the fact that the widow has no separate estate, exclusive of the rents, income, and profits, "equal to, or greater in value than her dower interest and distributive share in her husband's estate." If she has a separate estate of such relative value, she is not entitled to "dower in, or distribution of her husband's estate." Code, § 3814. Divorce likewise bars dower. Code, § 3816.

[1, 2] It is well established that the widow may retain possession, free from the payment of rents, of the dwelling house where her husband most usually resided next before his death, together with the offices and buildings appurtenant thereto, and the plantation connected therewith, until her dower is assigned. Thus there is placed on him who is the owner of the fee the burden to have the dower assigned. Shelton v. Carrol, 16 Ala. 148; Callahan v. Nelson, 128 Ala. 671, 29 South. 555. Failure to have dower assigned, and permitting the widow to retain the possession of the homestead, without more, does not deprive the owner of the fee in the land.

[3] The evidence is practically without conflict: One F. Yarbrough died about 1900, leaving a widow, Mary E. Yarbrough, and four children, A. B. Yarbrough (husband of appellee), C. S. Yarbrough, respondent, and W. F. Yarbrough and J. T. Yarbrough. The estate of said F. Yarbrough was solvent, and embraced other lands than the homestead. Said widow of F. Yarbrough retained possession of the dwelling house and homestead tract now in question up to the time of her death, which occurred August 13, 1914. No dower or homestead was ever assigned or set apart to her by order of any court; nor was there ever had an administration of the estate of said decedent. Thus the fee to the real estate of F. Yarbrough, deceased, vested in his heirs at law, A. B., C. S., W. F., and J. T. Yarbrough, subject to the widow's statutory right to an estate not greater than that for life, in a portion of her deceased husband's lands.

On September 14, 1909, A. B. Yarbrough conveyed to his brother, C. S. Yarbrough, appellant here, his undivided one-fourth interest in the lands in question. In this conveyance the wife of A. B. Yarbrough did not join, and there was no subsequent relinquishment by the wife of her right of dower in said lands. The fact that said A. B. Yarbrough died before his mother (the widow of F. Yarbrough, deceased) did not affect the absolute right of his widow to dower in said lands, though, as we shall see, it did affect the time when the enjoyment thereof might be entered upon under section 3836 of the Code. It was for the determination and allowance of this right of dower that the present suit was filed—which was on February 17, 1915, or within three years from the

death of the husband and within the time prescribed for the bringing of such suits. Code, § 3837; Vaughn v. Vaughn, 180 Ala. 212, 60 South. 872; Robertson v. Robertson, 191 Ala. 297, 68 South. 52.

[4] Had then the chancery court jurisdiction to determine the controverted question? That the statutory jurisdiction conferred on courts of probate, in the allotment of dower, does not take away the original jurisdiction prevailing in courts of chancery has been declared by the courts. Owen v. Slatter, 26 Ala. 547, 62 Am. Dec. 745; Brooks v. Woods, 40 Ala. 538; Irvine v. Armistead, 46 Ala. 363; Johnson v. Crutcher, 48 Ala. 368; Wood v. Morgan, 56 Ala. 397; Francis v. Garrard, 18 Ala. 794; Beavers v. Smith, 11 Ala. 20; Hale v. James, 6 Johns. Ch. (N. Y.) 258, 10 Am. Dec. 328; Story Eq. Jur. § 624; Coke, Litt. 32, a; Thomas, Coke, 671.

[5] That the power conferred on the probate court for the assignment of dower was intended to be concurrent with that of the chancery court and limited to cases where such estate might be justly assigned by metes and bounds is clearly implied by the limitation found in the statute. This limiting provision is to the effect that when land out of which dower has been demanded has been aliened by the husband, and, by reason of improvements made by the alienee, or any other cause, an assignment of dower by metes and bounds would be unjust, the court of probate must decline jurisdiction, and application must be made to the court of chancery. It has been incorporated in each of the Codes since that of 1852. In Sanders v. McMillian, 98 Ala. 144, 146, 11 South. 750, 18 L. R. A. 425, 39 Am. St. Rep. 19, and Wood v. Morgan, supra, it was held that the provisions now found in sections 3835 and 3836 of the Code were declaratory of the common law. Section 3836 is as follows:

"In such case the widow is dowable of the value of the land at the time of the voluntary or involuntary alienation, the interest on one-third part thereof from the death of the husband, to be paid to her annually, during her life, and secured, if necessary, by a lien on the land, unless the parties agree to a compensation in gross, which the court must give effect to."

There is no question of the jurisdiction of the chancery court to assign dower under the averred facts. The quantum, in such cases, has long been declared by the courts of the land (Hale v. James, supra; Coke, Litt. 32, a), and is the subject of statutory declaration (Code, § 3836; Sanders v. McMillian, supra, 98 Ala. 149, 11 South. 750, 18 L. R. A. 425, 39 Am. St. Rep. 19). Dower having attached upon marriage, to every estate of inheritance of which complainant's husband was seized during coverture (Sanders v. Wallace, 114 Ala. 259, 263, 21 South. 947), and not having been relinquished by his widow, the chancellor correctly referred to the register, for ascertainment, the reasonable value of the undivided interest in the lands of which dower is assignable to ap-

pellee. The cases of Shelton v. Carrol, supra, and Callahan v. Nelson, supra, to the effect that where the widow is in possession of the homestead which was occupied by the husband at the date of his death, she may retain the same until dower is assigned, and that it is not her duty to become the actor in securing the assignment of dower, but that the duty rests upon him who claims the fee to the premises to move for the assignment of dower, are no authority for the position that one who owns an interest in the fee has the right to alienate the same without the relinquishment of dower by his wife, and may thus defeat the inchoate right of dower therein of the wife.

[6] There would be a hardship in the allowance to appellee of dower from the date of the death of her husband (March 3, 1912) to the date of the determination of the life estate in said lands by the death of her mother-in-law (August 13, 1914). For any time after her husband's death, appellee might have had dower assigned to the widow of F. Yarbrough, deceased, and secured to herself the right of dower in the undivided interest of her husband in and to the said lands, subject to such life estate of her mother-in-law. The statute declares generally that the widow is dowable of the value of the land at the time of the voluntary or involuntary alienation, the interest on one-third thereof from the death of her husband, etc. This statute must be construed, of course, in the light of the quarantine statutes, which secured to the first widow (Mary E. Yarbrough) a life estate in the lands sought to be dealt with, the possession and enjoyment of said homestead tract, rent free, from the time of the death of F. Yarbrough to the time of the assignment of her dower, or, should there be no such assignment, to the date of her death. Dower not having been assigned to the first widow, the enjoyment of the right of dower in appellee as the widow of A. B. Yarbrough, deceased, of necessity, must date from the death of her mother-in-law, rather than from the date of the death of her husband. This is but a just application of section 3836 of the Code, and a statement of its relations, to the existing quarantine right of Mrs. Mary E. Yarbrough to the lands here in question. The amount of such dower interest for the time intervening between the death of Mary E. Yarbrough and that of her son would be small; yet the principle involved, as applicable to the facts here presented, must be declared aright for future guidance of the courts.

The cost of taking and prosecuting the appeal from the law and equity court to and in this court is divided in equal parts between appellant and appellee. As thus modified, let the decree of the Lee county law and equity court be affirmed.

Corrected and affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.