(95 South. 810)

## DUDLEY v. RYE et al. (4 Div. 30.)

(Supreme Court of Alabama. April 5, 1923.)

**1. Dower ⬤⇒78—Bill to have dower assigned held demurrable for failure to show jurisdiction.**

Bill filed in circuit court, if construed as one to have dower assigned, *held* demurrable in that it did not state facts showing that an assignment by metes and bounds would be unjust, since, unless such an assignment would be unjust, the probate court had exclusive jurisdiction under Code 1907, §§ 3825, 3835.

**2. Executors and administrators ⬤⇒326—Deceased husband's land cannot be sold for distribution before an assignment of dower without widow's consent.**

The court cannot order the sale of lands of deceased husband for distribution before the assignment of dower except with the surviving wife's consent.

Appeal from Circuit Court, Crenshaw County; Arthur E. Gamble, Judge.

Bill by P. W. Rye and others against Katie Dudley. From a decree overruling demurrer, respondent appeals. Reversed and rendered.

The bill alleges that one W. H. Herlong died in 1893 owning certain lands in Crenshaw county, and leaving surviving him his widow, the respondent, and his mother and one sister; that the mother and sister have since died, leaving as heirs the complainants to the bill. It is further alleged that said Herlong did not occupy the lands as a homestead; that there was never any administration on his estate, there being no necessity therefor; that no homestead or dower was ever set aside to the widow; that, since the death of Herlong, the respondent has rented out the lands, converting the same to her own use; that respondent has sold the timber on said land, and retained the money received therefor, without accounting to complainants. It is alleged that the lands cannot be equitably divided without a sale; that the complainants are joint owners, subject to respondent's dower rights; and it is prayed that the court ascertain and determine respondent's dower interest, set the

same apart to her, and that the residue be sold for division among the complainants. It is further prayed that respondent be required to account for rents and profits from the lands, and that her interest be sold to satisfy a decree prayed to be rendered for complainants on that account.

W. L. & R. S. Parks, of Troy, and W. H. Stoddard, of Luverne, for appellant.

The jurisdiction to assign dower is confined to the probate court, except where the land has been aliened by the husband, improvements made by the alienee, or other case where dower by metes and bounds would be unjust. Code 1907, § 3825. The bill concedes right of dower in respondent and a right in lieu of homestead; therefore the bill is without equity as one for sale and distribution. Code 1907, § 4197; Hamby v. Hamby, 165 Ala. 174, 51 South. 732, 138 Am.. St. Rep. 23; McAllister v. McAllister, 189 Ala. 220, 66 South. 462; Chamboredon v. Fayet, 176 Ala. 212, 57 South. 845.;

Frank B. Bricken, of Luverne, for appellees.

No brief reached the Reporter.

ANDERSON, C. J. [1] Should this bill be construed as one to have dower assigned, it is faulty, and was subject to demurrer, as section 3825 of the Code of 1907 confers jurisdiction upon the probate court except in the one instance provided by section 3835. As the facts do not bring this case within the influence of said last section, in order to have dower assigned by the chancery court the bill should present an independent equity.

[2] The only other theory upon which it could rest is the sale of the lands for distribution, which cannot be done before the assignment of dower except with the consent of the respondent. Hamby v. Hamby, 165 Ala. 171, 51 South. 732, 138 Am. St. Rep. 23; Boyles v. Wallace, 208 Ala. 213, 93 South. 908.

The trial court erred in not sustaining the respondent's demurrer to the bill of complaint, and the decree is reversed, and one is here rendered sustaining said demurrer.

Reversed and rendered.

SAYRE, GARDNER, and MILLER, JJ., concur.