(104 So. 803)

### BANK OF HARTSELLE v. BRINDLEY.
(8 Div. 675.)

(Supreme Court of Alabama. May 7, 1925. Rehearing Denied June 25, 1925.)

Dower ⬤74—Original jurisdiction of courts of chancery for assignment of dower held not to have been taken away.

The original jurisdiction of courts of chancery for assignment of dower *held* not to have been taken away by Code 1923, §§ 7437, 7438.

Appeal from Circuit Court, Morgan County; James E. Horton, Jr., Judge.

Bill in equity by Mary Frances Brindley against the Bank of Hartselle. From a decree overruling a demurrer to the bill, respondent appeals. Affirmed.

Sample & Kilpatrick, of Hartselle, for appellant.

Without averment showing that allotment by metes and bounds would be unjust, the court of equity is without jurisdiction. Code

1907, § 3835; Dudley v. Rye, 209 Ala. 164, 95 So. 810; Beck v. Karr, 209 Ala. 199, 95 So. 881.

A. J. Harris, of Decatur, for appellee.

The jurisdiction of the chancery court to assign dower is original. Yarbrough v. Yarbrough, 200 Ala. 184, 75 So. 934; Irvine v. Armistead, 46 Ala. 363; Brooks v. Woods, 40 Ala. 540; Owen v. Slatter, 26 Ala. 547, 62 Am. Dec. 745; Wood v. Morgan, 56 Ala. 398.

SOMERVILLE, J. The bill of complaint is filed by a widow for the assignment of dower in her deceased husband's lands. The respondent's demurrer to the bill was overruled, and the appeal from that decree presents a single question, viz. whether the original jurisdiction of courts of chancery for the assignment of dower was taken away by section 1359 of the Code of 1852 (now section 7437, Code 1923), in the absence of some special ground of equity jurisdiction.

In Owen v. Slatter, 26 Ala. 547, 551, 62 Am. Dec. 745, decided in 1855, this question was answered in the negative, and that decision has been consistently followed (Yarbrough v. Yarbrough, 200 Ala. 184, 75 So. 932, citing all the cases), until the case of Dudley v. Rye, 209 Ala. 164, 95 So. 810 (1923), wherein the court overlooked the previous line of decisions, and held that a bill in chancery for the assignment of dower was subject to demurrer, unless it presented some other independent equity, since the probate court had jurisdiction in all cases where the assignment could be made by metes and bounds, under section 3825 of the Code of 1907 (section 7438, Code 1923).

We adhere to the rule declared in Yarbrough v. Yarbrough, supra, and the cases cited therein, and the case of Dudley v. Rye, supra, will be overruled. The decree of the circuit court in equity will be affirmed.

Affirmed.

All the Justices concur.

### On Rehearing.

Counsel for appellant insist that the case of Beck v. Karr, 209 Ala. 199, 95 So. 881, supports their contention that a court of equity cannot assign dower, in the absence of a special equity preventing the exercise of the statutory jurisdiction of the probate court. Section 7437, Code 1923. An examination of that case will show that this question was not presented and was not decided. The bill of complaint there was filed by a widow to have a homestead carved out of the land, and thereafter to have dower allotted and all of the land sold for division. It was held that equity was without jurisdiction to allot the homestead, and there could be no sale for division, because there was no community of

interest between the complainant and the respondent heirs, and it was further held that the bill did not show that complainant was entitled to dower. It was suggested, arguendo, that complainant had a complete and adequate remedy at law in the probate court, so far as the mere allotment of dower was concerned; but it was not stated that complainant could not proceed in equity for that purpose under a proper bill.

The proposition insisted upon by appellant would upset the principle established by this court in its earliest decisions, and consistently maintained for nearly a century, viz. that the original jurisdiction of courts of equity is not affected by a statute conferring the same or similar jurisdiction upon courts of law, unless the statute plainly so provides. Such statutes are always held to confer merely a concurrent and cumulative remedy. Gould v. Hayes, 19 Ala. 438, 450; Rooney v. Michael, 84 Ala. 585, 588, 4 So. 421; Nixon v. Clear Creek Lbr. Co., 150 Ala. 602, 605, 43 So. 805, 9 L. R. A. (N. S.) 1255.

The application for rehearing will be overruled.

All the Justices concur.