(117 So. 623)

### WHITEHEAD et al. v. BOUTWELL.
### (4 Div. 375.)

Supreme Court of Alabama. June 28, 1928.

110

Eugene Ballard, of Montgomery, and L. H. Brassell, of Troy, for appellee.

A. G. Seay, of Troy, for appellants.

THOMAS, J. ██ The original jurisdiction of a court of equity for the assignment of dower was not taken away by statute. Bank of Hartselle v. Brindley, 213 Ala. 405, 104 So. 803; Code, § 7448. And, having acquired jurisdiction of the estate for one purpose, a court of equity will settle the conflicting claims of the several owners and claimants, and adjust all equities of the parties in interest growing out of that subject-matter. Sandlin v. Anders, 210 Ala. 396, 399, 98 So. 299.

██ The bill by the cotenant was for a sale for the division of real property after carving therefrom homestead and dower for the benefit of the widow. This may be done, under the recent decisions of this court. Wheat v. Wheat, 190 Ala. 461, 67 So. 417; Henderson v. Stinson, 207 Ala. 365, 92 So. 453.

██ It is the rule that dower be assigned by metes and bounds where practicable, Sanders v. McMillian, 98 Ala. 144, 11 So. 750, 18 L. R. A. 425, 39 Am. St. Rep. 19; yet the first amendment to the bill avers the facts showing such impracticability, after the homestead is carved out of the 200-acre tract of land where decedent resided at the time of his death.

The bill as next amended averred the existence of the unpaid mortgage by decedent and wife, Georgia Ann Whitehead, a party respondent and widow of decedent mortgagor, conveying 160 acres of this land, other than the 40-acre homestead tract, to Henderson; that on September 29, 1923, the same was paid in full and transferred to the said

Georgia Ann Whitehead and the heirs at law of decedent-mortgagor, who lived with her, and she did not include the complainant in such transfer; that such payment was made with the rents and profits derived from the use of said lands; that the attempted transfer to respondents was for the purpose of giving respondents an advantage over complainant as an interest in the lands coming to them from the father; that said respondents were trying to foreclose the transferred mortgage for their benefit. The ability and willingness of complainant "to pay any part that she may be equitably due on said mortgage" is averred, and she submits herself fully to the jurisdiction of the court in her expressed willingness to abide "any and all decrees which may be rendered by the court in the premises," and asks accounting, saying:

"If her share of the rents and profits from said lands are not sufficient therefor, and, in addition to the accounting heretofore asked, that said mortgage debt to be taken into said accounting and after the allowance to complainant for whatever interest she may have in the rents and profits, she be allowed to pay any balance she may be due of said mortgage debt; and, unless said mortgage foreclosure sale be restrained, irreparable and unnecessary damage will be done complainant."

The conclusion is a prayer for injunction to prevent foreclosure sale, etc. Demurrer to the bill as amended was overruled.

The answer admits the existence of the mortgage in the sum of $3,440.86, the homestead and dower rights of the widow in the lands of the mother of complainant and the other respondents; that the mortgage did not include the homestead 40 acres on which decedent resided and thereafter on which resided said widow and respondents; asserts the right of homestead and dower in all of the other lands of which decedent died seized and possessed, that the residence of the widow on the land was in the enjoyment of her quarantine right to and until the foreclosure sale by her of the Henderson mortgage. Her averments as to the nature of her occupancy and cultivation of the land are:

"* * * That she employed her four children, who are joined with her as respondents to this bill, to cultivate said lands under contracts with them severally, usually termed 'on halves,' that is, she furnished the land, teams, farming implements, and one-half the fertilizers, and they each furnished the labor to cultivate and gather crops on the lands severally occupied by them; that she offered to complainant to allow her to occupy and cultivate a part of said lands upon the same terms and conditions as she employed the other respondents to this cause, but that the complainant refused to move on said land or to cultivate any part thereof under any terms; * * * that, in consideration of services rendered to her by the other respondents to this cause, in caring for said premises, cultivating said lands, and caring for her, she had said mortgage, the debt secured thereby, and all right, title, and interest of said Fox Henderson & Sons in or to the property therein conveyed, transferred, and assigned to her and these other respondents; that, after such transfer and assignment, she and these respondents became the owners as tenants in common of the said mortgage, the debt secured thereby, and the property conveyed by the same; that these other respondents never occupied or claimed to occupy said premises or any part thereof as tenants in common; that they nor either of them ever rented out said premises or any part thereof to any other person, and never received any rents, income, or profits from the same or any part thereof; that all of the moneys used to pay the consideration for said mortgage and debt were her individual property; that, at the time of the death of her said husband, there were outstanding debts against his estate in addition to the debt secured by the aforesaid mortgage, which said debts amounted to the sum of, to wit, $250; that these debts were paid off by her out of her individual property to protect said estate and save the expense of administration thereof."

The widow was entitled to the possession of the dwelling, etc., where the husband most usually resided and the plantation connected therewith, as a part of her quarantine rights, until her dower is assigned, and her occupancy and use thereof are free from the payment of rents. Section 7437, Code; Inge v. Murphy, 14 Ala. 289; Doe ex dem. Shelton v. Carrol, 16 Ala. 148; Doe ex dem. Cook v. Webb, 18 Ala. 810; Pharis v. Leachman, Adm'r, 20 Ala. 662, 686; McLaughlin v. Godwin, 23 Ala. 846; Yarbrough v. Yarbrough, 200 Ala. 184, 75 So. 932. We may observe of the authorities cited that in Boynton v. Sawyer, 35 Ala. 497, is the declaration that the husband's purchase-money mortgage, in which the wife did not join, was no bar to her dower, subject to the prior equities of the mortgage, and, if the heir or the owner of the equity of redemption redeems, she will be let into her dower on her contribution of her portion of the mortgage debt. Benagh, Adm'r, v. Turrentine, Adm'r, 60 Ala. 557. And in Reeves v. Brooks, 80 Ala. 26, the widow joined in the conveyance and was not heard to claim dower or homestead in lands so conveyed. In Yarbrough v. Yarbrough, supra, the resort to equity was for the assignment of dower in lands alienated by the husband in which the wife did not join or subsequently relinquish her said right.

The agreement of counsel shows the death of the widow, intestate, with debts, and that a personal representative was appointed who was not a party. Had the widow lived (an original respondent to the bill), the court could have proceeded to set aside homestead and dower out of all the lands, after the payment of the debt secured by the mortgage wherein she joined, and, as in favor of the mortgage, she relinquished such right

112

by joining in that conveyance. This fact did not affect her said rights as against the children.· After her death, the court, having acquired jurisdiction of the subject-matter and the parties in interest, proceeded to a final decree of sale of all the lands, in two tracts, that of the homestead (the 40 acres) and that conveyed by the Henderson mortgage. The order of sale in advance of settling the equities of the parties in interest was error. The respective equities of the parties should be adjusted before the sale. In Sandlin v. Anders, 210 Ala. 396, 399, 98 So. 299, 302, the court said:

"Equity abhors a multiplicity of suits. The lawmakers seem to do the same, and to that end enlarge the issues that may be tried in one suit in equity in partition proceedings.

"The subject-matter and purpose of the suit seem to be given controlling importance. The action relates to specific property.· It deals with the res.· It aims at division so that each owner may enjoy his own. This partition may be by judicial sale. The owners are. concerned with getting a full price; the purchaser with getting a clear title. All questions of title should be settled, all clouds should be removed, all equities adjusted. Shall this be in one proceeding or in several, with consequent delay and cost?"

See Code of 1923, § 9334; Stokes v. Stokes, 212 Ala. 190, 101 So. 885.

■ Until the homestead was set apart and dower assigned, the wife was entitled to the possession of the 200 acres of land, the free use thereof, and rents or income therefrom. Her release of homestead and dower rights by joining in the Henderson mortgage was a release in favor of the mortgagee, and did not affect the widow's rights of occupancy and to the proceeds from all the lands before homestead was set apart and dower assigned. Section 7433, Code; Curry v. Amer. F. L. Mortg. Co., 107 Ala. 429, 434, 18 So. 328, 54 Am. St. Rep. 105. That income from the lands and her part of the crops were the individual property of the widow (mother of the other parties), and not the property of the husband's estate.

■ Complainant is entitled to her share in the mother's estate, or interest in the proceeds or moneys employed by her in payment of the Henderson mortgage, and has the right, in a court of equity, under the pleadings and evidence, to have ascertained the amount she must pay by way of contribution or redemption of the Henderson mortgage. This should be ascertained before the sale, and may be deducted from her share in the mother's estate. If the other heirs remaining at home paid any part of the mortgage out of their own moneys or means, they would be entitled to proportionate reimbursement therefor.

This presupposes the settlement by decree of all equities of the parties before the sale. And not until this is done will each party·

know the extent of his interest in the land and how the proceeds of the sale thereof, or the several allotments therefrom, are to be subjected to the equities of the other cotenants. This is the purpose of the statute, and it is necessary that the property bring its best price when exposed for sale by order of the court.

■ There is no insistence of insolvency, or provision of law or condition of fact that vested the title to any portion of the land in the widow on the death of the husband. All of the heirs at law of decedent were of full age; respondents living with the mother on the homestead, and the complainant living apart from them on other lands. The fact that cotenants may have independent equities growing out of the care, preservation, and use of the common properties, only makes it necessary that their equities be ascertained and adjusted before the sale. Such is the purpose of the statute and the construction thereof. Miller v. Wall, 216 Ala. 448, 113 So. 501, 504; Stokes v. Stokes, 212 Ala. 190, 101 So. 885; Streety v. McCurdy, 104 Ala. 493, 16 So. 686; Thomas v. Skeggs, 213 Ala. 159, 104 So. 395; Phillips v. Smith, 214 Ala. 282, 107 So. 841; Sandlin v. Anders, 210. Ala. 396, 98 So. 299.

■ Whatever came to the widow from the whole tract was in her individual right. If she expended anything therefrom in payment of the mortgage, she, or her estate, is entitled to be compensated therefor under the doctrine of subrogation.. To that extent her personal representative is interested and is a necessary party to a final decree concluding her rights and those of her creditors and next of kin.

■ The cause proceeded to a final decree under the provisions of Code of 1923, § 6547. It is to the effect that all defenses may be set up in answer. Phillips v. Birmingham Ind. Co., 180 Ala. 311, 60 So. 896; Ex parte Baggett (Vickery v. Baggett), 211 Ala. 610, 101 So. 104. And objection to a bill for necessary parties may be made at the hearing; or on appeal, or by the court ex mero motu. Dooley v. Villalonga, 61 Ala. 129; Goodman v. Benham, 16 Ala. 625; Prout v. Hoge, 57 Ala. 28; Langley v. Andrews, Adm'x, 132 Ala. 147, 31 So. 469; Winsett v. Winsett, 203 Ala. 373, 377, 83 So. 117; Hodge v. Joy, 207 Ala. 198, 208, 92 So. 171; Garner v. Empire Land Co., 217 Ala. 528, 117 So. 64. The case should be retried with the personal representative of Georgia Ann Whitehead, deceased, as a party, Winsett v. Winsett, supra; Kennedy v. Parks, 217 Ala. 323, 116 So. 161, and the several claims and equities of the cotenants be ascertained and apportioned in the decree of sale.

■ The complainant should not be affected in her rights or subject to costs and expenses of the foreclosure of the Henderson mortgage had while the suit was pending to

determine. the rights and equities of the parties. The foreclosure was not timely, and unnecessary. It gave no superior rights to the respondents, nor did it put complainant at a disadvantage in asserting her title or equity to the common properties, or in the adjustment, apportionment, contribution, or redemption from the Henderson mortgage.

The appeal has determined the questions sought to be presented by the petition for mandamus, and the writ is denied.

The decree of the circuit court, in equity, is reversed, and the cause is remanded.

Mandamus denied; reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.