(121 So. 89)

### WILLIAMS et al. v. ANTHONY et al.
### (7 Div. 864.)

Supreme Court of Alabama. March 21, 1929.

F. M. Savage, of Center, and E. O. McCord & Son, of Gadsden, for appellants.

Hugh Reed, of Center, for appellees.

FOSTER, J. The equity of the bill may be sustained on two distinct equitable remedies: (1) Sale of land for division; and (2) a distribution of a decedent's estate. The estate consists of 265 acres of land.

■ A bill for the sale of land for division is sufficient to confer jurisdiction if it makes all the tenants parties, "shows in a way the interest of each, and which of them are infants, and states that 'the property cannot be equitably divided among the several joint owners of the same.'" Edwards v. Edwards, 142 Ala. 267, 278, 39 So. 82, 86; Foley v. Brock, 173 Ala. 336, 56 So. 207; Chandler v. Home Loan Co., 211 Ala. 80, 99 So. 723. There is no demurrer to the bill for the failure to state clearly and fully the interest of each of the parties. It should make a positive statement not a probable one in this respect, but a failure at this point is not jurisdictional. It may then, in the alternative, and if mistaken as to the interest so stated, allege some other, and different, distinct interest. But the bill is not subject to demurrer for want of equity on account of insufficient averment in this respect.

In Teal v. Chancellor, 117 Ala. 612, 23 So. 651, this court held that, when a decedent is alleged to owe no debts, and no administrator has been appointed, there being no necessity for one, the chancery court will take jurisdiction to settle and distribute the estate among those entitled to receive the same, and settle and adjust all controversies between the heirs and distributees, equalizing the share of each to the others. The bill in the instant case alleges facts coming under the purview of this principle. In such a bill it is not necessary to allege distinctly, as in a partition suit strictly under the statute, the exact interest of each heir. It is not a statutory proceeding, and the court should determine the interest of each; it being necessary to allege the names, ages, and status of the heirs and the relation of each to decedent.

■ In a bill filed for partition under the statute the court may ascertain and decree the homestead and dower rights of the widow. Leddon v. Strickland (Ala. Sup.) 118 So. 651;[1] Whitehead v. Boutwell (Ala. Sup.) 117 So. 623;[2] Sandlin v. Anders, 210 Ala. 396, 98 So. 299. In a bill filed to invoke equity jurisdiction to settle and distribute the estate of a decedent certainly it could decree homestead and dower as an incident. This court, in the case of Bank of Hartselle v. Brindley, 213 Ala. 405, 104 So. 803, in effect overruled the case of Dudley v. Rye, 209 Ala. 164, 95 So. 810, in this respect.

■ The statement is made in the bill that the right to dower is barred by limitations. We observe here that the limitations under section 7450 (3837) do not apply to prevent a widow from claiming dower, when she has been in possession of the land since her husband died. It will be observed that in the case of Leddon v. Strickland, supra, the widow had not been so in possession. See Robertson v. Robertson, 191 Ala. 297, 68 So. 52. But no statute of laches or limitations has application to one in possession of the rights sought to be barred. 19 Corpus Juris, 559. While in possession under quarantine rights, it is not the widow's "duty to have dower assigned and certainly not to her interest to do so." Callahan v. Nelson, 128 Ala. 671, 29 So. 555; Leddon v. Strickland, supra; Yarbrough v. Yarbrough, 200 Ala. 184, 75 So. 932. The bill does not allege whether the widow has remained in possession of the land. If it was the dwelling of decedent, she may retain it until dower is assigned. Section 7437, Code.

We do not consider it necessary to discuss separately the different grounds of demurrer to the bill. We think that they do not point out any material defect.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

[1] 218 Ala. 436.
[2] 218 Ala. 109.