(135 So. 325)

## QUILLEN et al. v. JOHNS et al.

### 8 Div. 238.

Supreme Court of Alabama.

June 11, 1931.

Bradshaw & Barnett, of Florence, for appellants.

(135 So. 336)

GOODMAN et al. v. CITY OF BIRMINGHAM.

6 Div. 784.

Supreme Court of Alabama.
June 11, 1931.

Jas. C. Roberts, of Florence, for appellees.

GARDNER, J.

The amended bill seeks a settlement and distribution of the estate of decedent, a sale of the land for division, and shows no necessity for administration. As an incident thereto, the bill avers that the land is "incapable of allotting a homestead * * * and a sale for that purpose is necessary," and the prayer is that upon the sale of the lands the sum of $2,000 be set apart for reinvestment in a homestead for the widow and minor children, the remainder being divided among the joint owners as their interest may appear.

The bill has equity and was not subject to the demurrer interposed thereto, under the following authorities: Williams v. Anthony, 219 Ala. 98, 121 So. 89, 90; Whitehead v. Boutwell, 218 Ala. 109, 117 So. 623; Teal v. Chancellor, 117 Ala. 612, 23 So. 651; Sandlin v. Anders, 210 Ala. 396, 98 So. 299.

Appellants rely upon Beck v. Karr, 209 Ala. 199, 95 So. 881, overlooking the qualification of what was there said as to dower in Bank of Hartselle v. Brindley, 213 Ala. 405, 104 So. 803, and the differentiating feature as to homestead in the instant case wherein a settlement of the estate and a sale of the land for division is sought, with the further averment that the land is incapable of homestead allotment without a sale thereof.

In Williams v. Anthony, supra, the court expressly states that "in a bill filed for partition under the statute the court may ascertain and decree the homestead and dower rights of the widow."

We find no error in the decree overruling the demurrer to the bill as amended, and it will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.