108 So.2d 348

**E. A. TIPTON et al.**

v.

**Mattie TIPTON et al.**

6 Div. 323.

Supreme Court of Alabama.

Jan. 15, 1959.

Robt. A. Sapp, Cullman, for appellants.

Julian Bland, Cullman, for appellees.

MERRILL, Justice.

This appeal is from that feature of a final decree ordering the sale of lands for division among joint owners and ordering a reference to ascertain the value of the widow's dower and homestead rights.

W. B. Tipton departed this life on December 17, 1955, leaving surviving him, his widow and six children and three grandchildren who are the children of a seventh child who is deceased. He left no will, owed no debts and died owning eighty acres of land which was his homestead in Cullman County.

The widow and two of the children filed their bill of complaint against the other heirs at law seeking to sell this land for division among the joint owners, to divide the proceeds between the parties and to ascertain and pay to the widow her homestead and dower interests.

All but one of appellants' assignments of error raise the point that the court erred in overruling the demurrer to the bill as amended. In it, the complainants alleged, inter alia, that all the complainants and respondents were over twenty-one years of age; that they are the widow and heirs at law of decedent; that he left no will, owed no debts; that the eighty acres was his homestead and was all the real estate owned by him at the time of his death; that the lands cannot be equitably divided without a sale thereof, and the widow's consent to the sale was filed as an exhibit to the bill. It stated the interest of each of the parties. These allegations were more than necessary to confer jurisdiction. Williams v. Anthony, 219 Ala. 98, 121 So. 89.

But appellants contend that the bill was demurrable "in view of the absence from the bill of averments to the effect that a homestead in area and value within the limits provided by law could not be awarded to the widow." The quoted part of the preceding sentence is taken from Davis v. Davis, 263 Ala. 42, 81 So.2d 314, 318. The

Davis case differs from the instant case in at least three respects: (1) there, the amount of land is not stated, while here, only eighty acres are involved, which is within the area allowed for a homestead; (2) there, the bill of complaint did not comply with § 7919, Code 1923, while here, that section or its successor, Tit. 7, § 662, Code 1940, is not applicable; (3) that case was governed by the law as it was in 1925, while here, the law as it was in 1955 governs. A widow's rights as to homestead exemptions and dower are determined by the statutes in force at the time of her husband's death. Davis v. Davis, supra; Compton v. Cook, 259 Ala. 256, 66 So.2d 176; McGregor v. McGregor, 249 Ala. 75, 29 So.2d 561.

The 1951 amendment to Tit. 7, § 661, not only increased the exemption from $2,000 to $6,000, it deleted the provisions for the absolute vesting of the homestead in the widow and minor children, and it provided that when the homestead was not devised by will, it should vest in the widow and minor children for the life of the widow or the minority of the children whichever may last terminate, without limit as to value if there are no debts and the area of the homestead did not exceed one hundred sixty acres. Ganus v. Sullivan, 267 Ala. 16, 99 So.2d 204. It is clear that there was no necessity for the allegation here that was required in the Davis case, because the widow is not seeking an exemption in lieu of the homestead, but merely an ascertainment of her rights in the proceeds from the sale of the homestead itself.

We have approved a bill for sale for division where the widow joined with an heir or remainderman in seeking the sale for division and ascertainment of homestead and dower rights of the widow under the law as it was in 1940, Compton v. Cook, supra, and there is no prohibition in the statutes as amended to such procedure. And in a bill for sale of lands for division amongst the joint owners under the statute, the equity court may ascertain and decree the homestead and dower rights of the widow. Compton v. Cook, supra; Williams

**500**

v. Anthony, 219 Ala. 98, 121 So. 89; Leddon v. Strickland, 218 Ala. 436, 118 So. 651; Whitehead v. Boutwell, 218 Ala. 109, 117 So. 623; Sandlin v. Anders, 210 Ala. 396, 98 So. 299.

Appellants' other assignment of error is that the court erred in ordering the suit property sold for division. It is sufficient to say that the proof amply supported the allegations of the bill as amended and there was no error in the action of the trial court in this regard.

In view of our holding, it is not necessary to consider appellees' contentions as to the dismissal of a prior appeal of this cause, 267 Ala. 64, 100 So.2d 14, being res judicata.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.