**COLLIER et al. v. MUNICIPAL ACCEPTANCE CORPORATION.**

**8 Div. 498.**

Supreme Court of Alabama.

June 1, 1933.

Wert & Hutson, of Decatur, for appellants.

Ball & Ball, of Montgomery, for appellee.

ANDERSON, Chief Justice.

The bill seeks a discovery as to the whereabouts of the notes and whether or not they were paid and shows that complainant has no plain and adequate remedy at law. Should the plaintiff sue the bank, it would have to prove that the bank collected the notes from the Colliers in order to recover. Or if, as suggested by appellants' counsel, it brought detinue for the notes, it would have to prove that the bank received the notes and still had them. On the other hand, the complainant could not recover in an action at law against the Colliers without getting the notes or accounting for the loss or destruction of same. While the bill may not make out a case in point, as to facts, it certainly makes out one governed in principle by the case of Gulf Compress Co. et al. v. Jones, 157 Ala. 32, 47 So. 251.

True, we have a statute authorizing interrogatories and a discovery at law (see Code 1923, §§ 7764, 7774), but this is cumulative and does not interfere with the equitable remedy for discovery. Gulf Compress Co. et al. v. Jones, supra. For a full and complete discussion of this question, see Nixon v. Clear Creek Lumber Co., 150 Ala. 602, 43 So. 805, 9 L. R. A. (N. S.) 1255.

The suggestion that the bank is the agent of the complainant is left in doubt by the bill which avers that complainant does not know that the bank received or has the notes. If the bank never received the notes, it never became the complainant's agent. "The contract to collect begins from the acceptance of the paper by the bank." 7 C. J. 597.

The trial court did not err in overruling the appellants' demurrer to the bill of complaint, and the decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.