163 So. 792

## COLLIER et al. v. MUNICIPAL ACCEPTANCE CORPORATION.

8 Div. 640

Supreme Court of Alabama.

Oct. 17, 1935.

Rehearing Denied Nov. 7, 1935.

E. W. Godbey, of Decatur, for appellants.

Ball & Ball, of Montgomery, and Peach & Caddell, of Decatur, for appellee.

KNIGHT, Justice.

On former appeal in this cause the equity of complainants' bill was sustained. Collier et al. v. Municipal Acceptance Corporation, 227 Ala. 37, 148 So. 743. On this appeal the soundness of the opinion on that appeal is not challenged in brief of appellants.

On return of the cause to the circuit court, the same was heard and determined on the pleadings as cast, and the evidence offered by the parties.

The court below determined' the issues adversely to the present appellants, holding that they had not paid the notes, the subject-matter of the suit, and entered a decree against the respective makers of the notes for the amounts it ascertained to be due thereon.

It was not denied that the partnership of B. P. Collier & Son had executed to Fairbanks, Morse & Co. a number of negotiable promissory notes, in part payment of an oil engine, each in the sum of $400, with 8 per cent. per annum interest from date, and payable semiannually. Nor was it denied that the partnership of B. P. Collier & Sons had executed to said Fairbanks, Morse & Co. a number of negotiable promissory notes, each in the sum of $400 with interest from date, payable semiannually, in part payment of a certain other oil engine sold by Fairbanks, Morse & Co. to said last-named partnership.

The partnership of B. P. Collier & Son was composed of B. P. Collier and Paul Collier, while the partnership of B. P. Collier & Sons was composed of the said B. P. Collier, and Elkin Collier and John Collier. These two partnerships did business in Morgan county, Ala.

The evidence establishes beyond dispute that the notes were all sold and indorsed for value, and before maturity, to the appellee Municipal Acceptance Corporation.

162

The litigation arose over two of the notes, which fell due on October 1, 1931, one being the note given by the partnership of B. P. Collier & Son, and the other by the partnership of B. P. Collier & Sons. Each of said notes was payable in the principal sum of $400.

The contention of the Municipal Acceptance Corporation was, and is, that it transmitted by mail the two notes in question to the Morgan County National Bank, at Decatur, Ala., for collection and remittance. The Morgan County National Bank contended, however, that it had never received the notes, and the same were never paid to it by the two debtor partnerships. The makers of the notes contended that the notes were in fact received by the Morgan County National Bank, and that they some time in November, 1931, the exact date they could not state, paid the amounts due on said notes, including interest, to said bank, and that the notes were each marked, "Paid," and delivered over to Paul Collier for said partnerships.

It is abundantly established by the evidence that the complainants have received no part of the proceeds of the notes.

The real contested questions in the case were: (a) Did the Morgan County National Bank ever receive the notes for collection; and (b) if it received them, had the same been paid by the makers?

The notes were not produced. Paul Collier, to whom it was contended the notes were delivered, testified that, after showing them to his father, the said B. P. Collier, he destroyed them.

■ The burden of proving payment rested, of course, upon the makers of the notes. The trial court held that they had not met the burden of proof. The testimony upon this issue was given by deposition. We cannot therefore indulge any presumption in favor of the finding of the trial court.

■ We have carefully read and considered the evidence in this case, and we are in agreement with the court below that the appellants have not sustained the burden of proving that the notes in question were in fact paid by them, or by either of them. To enter upon a detail discussion of the evidence would serve no useful purpose. Suffice it to say that we have carefully read and considered the evidence in the case and briefs of counsel, and are persuaded that the appellants still owe the notes in question.

However, the learned trial judge, in calculating the amount due on each of the two notes, calculated interest on the same from June 28, 1928, overlooking the fact that interest had been paid on each of said notes to June 28, 1930. In this respect there was an error made against each of the makers of said notes. The court decreed that the amount due on each note was $665.25, when the true amount due on each note, including interest and attorneys' fee, was $594.86. The decrees of the circuit court will be here corrected, fixing the amount due on the note executed by B. P. Collier & Son, including interest and attorneys' fee, as of the date of the decree, November 22, 1934, at $594.-86, and the amount due on the note given by the said B. P. Collier & Sons, including interest and attorneys' fee, as of the date of the decree, November 22, 1934, at $594.86. And appellants are allowed forty-five days from this date within which to pay said decrees.

As corrected, the decree appealed from will be here affirmed.

The appellee, the said Municipal Acceptance Corporation, is taxed with the cost accruing on this appeal in this court and in the court below, but the cost as taxed in the court below will stand as there taxed.

Corrected and affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.